**Charles G. HARRIS, Appellant,**

v.

**SUPERINTENDENT, VA. STATE PENITENTIARY, Appellee.**

**No. 74–1484.**

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1975.

Decided July 7, 1975.

Joseph E. Resende [third-year law student], (Sherman L. Cohn, Washington, D. C. [Court-appointed counsel], Peter B. Kenney [third-year law student], Donald Burris and Ray Jacobsen [third-year law student], on brief), for appellant.

Robert E. Shepherd, Jr., Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen. of Va., on brief), for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM.

This is an appeal by Charles G. Harris, a state prisoner, from denial of habeas relief in the district court. We previously granted a certificate of probable cause and in an extensive memorandum opinion vacated the judgment of the district court and remanded for further proceedings. On motion of the Commonwealth, ex rel. Superintendent of Virginia State Penitentiary, we vacated our prior decision and directed that the case be set down for briefing and oral argument. It is well that we did so, for the facts are now sufficiently clarified that we can remand with explicit instructions.

The question is the voluntariness of Harris' plea of guilty to six counts of armed robbery and one count of breaking and entering. There was plea bargaining. The Commonwealth's attorney promised to recommend to the court a 24-year sentence. The Commonwealth's attorney broke his promise and, instead, stated to the court:

I would say to the court that each of these cases stands by itself and extremely dangerous cases. If put together, realizing one man has commit-

ted all of these crimes in a short period of time, showing literally no remorse, considering armed robbery as a way of life, more or less a habit in his own words, makes him a most dangerous type of criminal in our society. And *the punishment for these armed robberies must be extremely severe,* not to rehabilitate this man. I don't think there's one inkling that this man can be rehabilitated, but to protect society from this type contact.

Harris was then sentenced to a term of 53 years in the penitentiary.

 In denying relief, the district court reasoned that if such a bargain had been made and broken by the prosecution the recommended sentence would nevertheless not have been binding on the court and that therefore the failure of the prosecution to so recommend did not prejudice the petitioner. We disagree. It is wholly irrelevant that a prosecutor's recommendation does not bind the court. Harris was entitled to whatever benefit, if any, such a recommendation might confer upon him. Certainly it cannot be denied that a sentencing judge may properly consider a prosecutor's recommendation, and that many judges do so, and moreover, follow the recommendation. Even if a recommendation is rejected by the court, it may nevertheless influence the judge to a lesser term of imprisonment than he would otherwise inflict. Since Harris pleaded guilty because he believed that the prosecution would recommend a 24-year sentence and such a recommendation was not made, we hold that his plea was not voluntarily and intelligently entered. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Lester,* 247 F.2d 496 (2d Cir. 1957).

On remand the district court will enter an order granting habeas relief unless the state elects within a reasonable period to try him anew after permitting withdrawal of his guilty pleas. The writ should recite that a new trial will be unnecessary if the petitioner and the Commonwealth should agree to a reduction of the sentence to 24 years with, of course, credit for time served.

*Judgment vacated and remanded with instructions.*