STATE OF NORTH CAROLINA v. KEITH EUGENE COLLINS

No. 48

(Filed 6 May 1980)

1. **Criminal Law § 23— plea bargain—no absolute right of defendant—State's withdrawal before entry of plea proper**

   There is no absolute right to have a guilty plea accepted, and the State may withdraw from a plea bargain arrangement at any time prior to, but not after, the actual entry of the guilty plea by defendant or any other change of position by him constituting detrimental reliance upon the arrangement.

2. **Criminal Law § 23— plea agreement with recommended sentence—judicial approval required**

   G.S. 15A-1023(b) provides that a plea agreement proposed by the prosecutor which involves a recommended sentence must first be approved by the trial judge before it can become effective, and such lack of judicial approval when required by statute renders the proposed plea bargain agreement null and void.

APPEAL by defendant from the decision of the North Carolina Court of Appeals, reported in 44 N.C. App. 141, 260 S.E. 2d 650 (1979), which found error in the trial before *Walker, J.*, at the 2 April 1979 Session of FORSYTH Superior Court and remanded for a new hearing on defendant's motion to suppress.

Defendant was charged in bills of indictment proper in form with possession of lysergic acid diethylamide (LSD) and possession of phencyclidine (PCP), both controlled substances, in violation of G.S. 90-95(a)(3) and (d)(2).

Defendant moved to dismiss on the ground that the State failed to honor a plea arrangement. In a hearing upon the motion to dismiss, defendant presented evidence tending to show that on the morning of 17 January 1979, defendant was scheduled to appear in district court for the probable cause hearing on the two felony charges and for trial on a related misdemeanor charge of possession of marijuana. At that time, defendant's counsel and Officer W. G. Grainger of the Winston-Salem Police Department entered into plea negotiations with the assistant district attorney, Mr. Howard Cole. This resulted in a written plea agreement which provided as follows:

> Keith Collins is charged with possession of LSD, PCP, and marijuana, and he is willing to cooperate fully with the WSPD in the giving of information and assistance to the WSPD which will lead to the arrest of known criminals. In return, the State will allow the defendant to plead guilty as charged in the Superior Court and will guarantee that he will not receive active time. That the defendant has three (3) months to perform tasks assigned to him by the WSPD to their satisfaction. The defendant agrees that he will not raise his speedy trials rights under Chapter 15. That the defendant's cases now pending in District Court will be dismissed under the pretext of an illegal search.
>
> s/ H. COLE, Ass. D.A.
> s/ W. GRAINGER, WSPD
> s/ B. ERVIN BROWN, II

Later the same day at the probable cause hearing on the felony charges, Assistant District Attorney Dan Johnson refused to honor the plea agreement. Mr. Johnson testified that he had

control over the cases on the docket that day and that he had not been consulted regarding this agreement. He refused to dismiss the cases because he believed that the plea bargain was inappropriate in light of the severity of the charges. He also did not want to make a hasty decision, since he would be held responsible, and was upset that he had not been consulted initially. Mr. Johnson did, however, request a continuance of both the probable cause hearing and the trial on the misdemeanor charge, which was granted.

Defendant was subsequently indicted on the two felony charges, pleaded not guilty, and the case went to trial. The trial judge denied defendant's motions to compel the State to reveal the informant's name and address, to suppress certain evidence against him, and to dismiss the indictment on the basis of an invalid arrest. The jury returned verdicts finding defendant guilty of felonious possession of PCP and guilty of possession of LSD. Defendant was sentenced to imprisonment for two consecutive terms, to run four to five years each. The judge further found in each case that defendant, aged twenty, would not derive benefit from being committed as a committed youthful offender under G.S. 148-49.14.

Defendant appealed to the Court of Appeals which, in an opinion by Judge Arnold, held that defendant's motion to dismiss for failure of the State to abide by the plea negotiations was properly denied. That court also held that the trial judge erred in denying defendant's motion to compel the State to reveal the name and address of the informant. The cause was remanded for a hearing on the motion to suppress, to enable defendant to offer evidence to prove the nonexistence of the informant. Defendant appealed from that portion of the Court of Appeals' decision affirming the trial judge's denial of defendant's motion to dismiss. He appealed as a matter of right pursuant to G.S. 7A-30(1) on the ground that the case involves a substantial question arising under the Constitution of the United States.

*Rufus L. Edmisten, Attorney General, by W. A. Raney, Jr., Special Deputy Attorney General, for the State.*

*B. Ervin Brown II, for defendant appellant.*

BRANCH, Chief Justice.

The sole question presented by this appeal is whether the trial court erred in denying defendant's motion to dismiss. Defendant contends that he was deprived of his sixth amendment right to effective assistance of counsel and his fourteenth amendment right to due process of law by the judge's refusal to enforce the plea arrangement between defendant and Assistant District Attorney Cole.

This is a case of first impression before this Court. Defendant relies primarily upon *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971), and the subsequent decision in *Cooper v. United States*, 594 F. 2d 12 (4th Cir. 1979). In *Santobello*, the defendant was originally indicted on gambling-related charges. As part of a plea arrangement, the prosecutor had promised to make no sentence recommendation and to have more serious charges dismissed on the condition that Santobello would plead guilty to a lesser included offense. After entering his guilty plea, Santobello appeared for sentencing and a new prosecutor unknowingly violated the agreement by recommending the maximum sentence. The judge expressly disclaimed any reliance on that recommendation, but nonetheless imposed the maximum imprisonment of one year. The United States Supreme Court vacated the judgment and held that the State's failure to keep its commitment concerning the sentence recommendation required that the case be remanded for reconsideration. Chief Justice Burger writing for the Court stated that an acceptance of a plea of guilty under such circumstances

> must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed. 2d at 433.

In *Cooper v. United States*, the United States Court of Appeals for the Fourth Circuit added a new dimension to this area of the law. Defendant Cooper was convicted of federal violations on two counts of bribery of a witness and two counts of obstruc-

tion of justice. Before trial, defendant's counsel had negotiated with an assistant United States attorney, who had proposed a plea agreement under which defendant would, *inter alia*, cooperate with the federal authorities and plead guilty to one count of obstruction of justice, while the government would bring defendant's cooperation to the judge's attention at sentencing and would dismiss all other counts of the indictment. When defense counsel obtained the defendant's consent later that day and called the assistant United States attorney to accept, he was informed that the offer had been withdrawn on the instructions of the assistant United States attorney's superior. Although defense counsel protested, defendant was ultimately convicted on all four counts.

Writing for the court, Judge Phillips noted that although courts in the past have drawn analogies to contract law in affording relief to defendants aggrieved in the negotiating process, *Santobello* stands for the proposition that defendants have a constitutional right to be treated with "fairness" throughout the process. In earlier cases in which a defendant's rights in a plea negotiation had been violated, the defendant had already entered a guilty plea and in some instances performed other obligations before the government disavowed the plea agreement. Under these circumstances, a specific agreement had already been reached and the defendant had substantially performed in reliance thereon. Consequently, the courts have found these cases to be analogous to a breach of an express contract, or to an unfulfilled promise on which the other party relies to his tangible detriment, and have granted relief on this basis. *See Harris v. Superintendent*, 518 F. 2d 1173 (4th Cir. 1975) (per curiam); *United States v. Brown*, 500 F. 2d 375 (4th Cir. 1974); *United States v. Carter*, 454 F. 2d 426 (4th Cir. 1972), *cert. denied*, 417 U.S. 933 (1974); *State ex rel. Gray v. McClure*, 242 S.E. 2d 704 (W.Va. 1978), *and cases cited therein.*

The Court of Appeals in *Cooper* recognized that the case there involved neither a completed contract nor any detrimental reliance on defendant's part. Nevertheless, in finding that the constitutional requirement of "fairness" was not limited by the law of contracts, the court stated:

We hold instead that under appropriate circumstances — which we find here — a constitutional right to enforcement of plea proposals may arise before any technical "contract" has been formed, and on the basis alone of expectations reasonably formed in reliance upon the honor of the government in making and abiding by its proposals.

594 F. 2d at 18. The court noted further that although *Santobello* was unclear as to the source or content of the constitutional right involved in reality that right was derived from two constitutional guarantees, namely, the right to fundamental fairness of substantive due process and the sixth amendment right to effective assistance of counsel.

The subsequent decision of the fourth circuit in *United States v. McIntosh*, No. 79-5036 (4th Cir. Dec. 18, 1979), sheds considerable light on the constitutional rights involved in both *Cooper* and the case *sub judice*. The defendant McIntosh was charged by both Virginia state and federal authorities with running illegal gambling operations. His attorneys reached an agreement with the prosecutor, and the defendant pleaded guilty accordingly. At the subsequent hearing on the federal charges of tax evasion, a defense attorney testified that the state prosecutor had promised to pay the $3,000 seized from the defendant as evidence of gambling to the Internal Revenue Service and that the defendant would consequently not be prosecuted by the I.R.S. Although the prosecutor denied promising to clear the defendant with the I.R.S., he had agreed to give the money seized to the I.R.S. in order to satisfy any jeopardy assessments arising out of the defendant's gambling activities.

The defendant relied on the *Cooper* decision in arguing that the state prosecutor's promise should suffice to bar federal prosecution, if it was in fact made to and was reasonably believed by the defense attorneys. Judge Hall, writing for the court in *McIntosh*, distinguished the holding in *Cooper* with the following language:

We held [in *Cooper*] that the technical rules of offer and acceptance in contract law should not defeat a criminal defendant's personal acceptance, since, under the facts presented, it

> could irreparably affect the defense attorney's credibility, impairing the effectiveness of his representation.
>
> The issues here do not involve technical rules of contract; they concern the content of the plea bargain and whether any authority existed which could make it binding on parties who were not privy to it. These issues were not presented in *Cooper*, and we do not think its thoughtful analysis leads to the proposition that authority to make an offer to forego prosecution can rest upon a subjective belief of the defendant or his counsel.
>
> Contrary to appellant's argument, *Cooper* does not shun fundamental contract and agency principles where the content and validity of a plea bargain is at issue.

*Id.*, slip op. at 5-6. Thus, "where the content of a plea bargain and the authority for its offer are at issue . . . traditional precepts of contract and agency should apply." *Id.* The court in *McIntosh* found no evidence that any federal official had authorized the state prosecutor to make such a promise or had done anything to clothe him with apparent authority. Thus, traditional precepts of contract and agency were applied to defeat defendant's claim. "A bare representation by an unauthorized party cannot bind federal prosecutors to forego prosecution." *Id.* at 7.

[1] We reject the holding in *Cooper* and elect to follow the decisions in other jurisdictions which we interpret to be consistent with *Santobello*. We therefore hold that there is no absolute right to have a guilty plea accepted. The State may withdraw from a plea bargain arrangement at any time prior to, but not after, the actual entry of the guilty plea by defendant or any other change of position by him constituting detrimental reliance upon the arrangement. *Santebello v. New York, supra; Shields v. State,* 374 A. 2d 816 (Del.), *cert. denied,* 434 U.S. 893 (1977); *State v. Edwards,* 279 N.W. 2d 9 (Iowa 1979); *see State v. Brockman,* 277 Md. 687, 357 A. 2d.376 (1976); *Wynn v. State,* 22 Md. App. 165, 322 A. 2d 564 (1974); *People v. Heiler,* 79 Mich. App. 714, 262 N.W. 2d 890 (1977); *State ex rel. Gray v. McClure, supra.* The rationale behind these decisions is that plea bargain arrangements

> are not binding upon the prosecutor, in the absence of prejudice to a defendant resulting from reliance thereon, until

they receive judicial sanction, anymore than they are binding upon defendants (who are always free to withdraw from plea agreements prior to entry of their guilty plea regardless of any prejudice to the prosecution that may result from a breach).

*People v. Heiler, supra* at 721-22, 262 N.W. 2d at 895.

When viewed in light of the analogous law of contracts, it is clear that plea agreements normally arise in the form of unilateral contracts. The consideration given for the prosecutor's promise is not defendant's corresponding promise to plead guilty, but rather is defendant's actual performance by so pleading. Thus, the prosecutor agrees to perform if and when defendant performs but has no right to compel defendant's performance. Similarly, the prosecutor may rescind his offer of a proposed plea arrangement before defendant consummates the contract by pleading guilty or takes other action constituting detrimental reliance upon the agreement. *Westen & Westin, A Constitutional Law of Remedies for Broken Plea Bargains*, 66 Calif. L. Rev. 471 (1978); *see Shields v. State, supra; State v. Edwards, supra.*

In the instant case, defendant had neither entered a guilty plea nor in any way relied on the plea agreement to his detriment. After the rescission of the agreement, the State's motion for a continuance was granted and defendant was thereafter afforded a fair trial. Defendant has not been prejudiced by the disavowal of his plea arrangement, and we find no violation of his constitutional rights.

[2]  We further note that G.S. 15A-1023(b) provides that a plea agreement proposed by the prosecutor which involves a recommended sentence must first be approved by the trial judge before it can become effective. Such lack of judicial approval when required by statute renders the proposed plea bargain agreement null and void. *People v. Reagan*, 395 Mich. 306, 235 N.W. 2d 581 (1975). Although not necessary to our decision, we note that the decision in *Cooper* is distinguishable from the case *sub judice* because of this statutory provision in G.S. 15A-1023(b).

We do not approve of the prosecutorial conduct in the case before us, since the prosecutor's office has the responsibility of "letting the left hand know what the right hand is doing." *San-*

*tobello v. New York, supra* at 262, 92 S.Ct. at 499, 30 L.Ed. 2d at 433. However, this does not alter the fact that the prosecutor had no authority to bind the State to the dispensation of a particular sentence in defendant's case until the trial judge had approved of the proposed sentence.

For the reasons stated, the decision of the Court of Appeals is

Affirmed.