STATE OF NORTH CAROLINA v. ANN MAJOR

No. 8612SC812

(Filed 17 February 1987)

1. **Criminal Law § 146.4— double jeopardy claimed—order denying dismissal immediately appealable**

     Where a motion for dismissal of criminal charges is based upon double jeopardy grounds, an order denying the motion is immediately appealable.

2. **Criminal Law § 26.8— mistrial for prosecutorial misconduct—no double jeopardy**

     There was no merit to defendant's contention that a mistrial was intentionally provoked by the State and that any further prosecution of the charges against her was barred by the Double Jeopardy clause of the Fifth Amendment to the U.S. Constitution, since the trial court concluded that prosecutorial misconduct was the result of an effort to get before the jury information which the prosecutor thought they needed rather than an attempt to goad defendant into seeking a mistrial; moreover, though it would have been the better practice for the trial court to set out specifically its findings of fact and conclusions of law in its order denying defendant's motion to dismiss, its failure to do so was not prejudicial to defendant.

APPEAL by defendant from *Barnette, Judge.* Order entered 24 March 1986 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 January 1987.

Defendant was convicted of second degree murder in connection with the 12 July 1983 stabbing death of William Corbett. She appealed her conviction and was awarded a new trial. *State v. Majors,* 73 N.C. App. 26, 325 S.E. 2d 689, *aff'd,* 314 N.C. 111, 331 S.E. 2d 689 (1985).

Defendant's second trial commenced on 17 February 1986 before Judge E. Lynn Johnson. After the State had presented its evidence, and as a result of a question posed to a defense witness by the prosecutor during cross-examination, defendant moved for a mistrial. Judge Johnson allowed the motion and declared a mistrial.

Prior to a third trial, defendant filed a motion alleging that any further prosecution of the action is constitutionally barred and seeking dismissal of the charge. She appeals from the denial of her motion to dismiss.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*Gregory A. Weeks for defendant appellant.*

MARTIN, Judge.

I

[1] Although neither party has raised the issue, previous decisions of this Court are in conflict upon the question of whether a defendant has a right to an immediate appeal from an order denying a motion to dismiss charges based upon double jeopardy grounds. In *State v. Jones*, 67 N.C. App. 413, 313 S.E. 2d 264 (1984), the majority of a panel of the Court held that an order denying such a motion was interlocutory and did not deprive the defendant of a substantial right which would be lost if the order was not reviewed prior to final judgment. Therefore, an appeal from such an order was held to be premature. Less than a year later, however, another panel of this Court held that, although interlocutory, the denial of a motion to dismiss based upon double jeopardy considerations was immediately appealable because it involved a substantial right of a defendant not to be put to trial twice for the same offense. *State v. Montalbano*, 73 N.C. App. 259, 326 S.E. 2d 634, *disc. rev. denied, appeal dismissed*, 313 N.C. 608, 332 S.E. 2d 182 (1985).

Our Supreme Court has recognized that an immediate appeal may be taken from an interlocutory order in a criminal case where the order appealed from "may destroy or impair or seriously imperil some substantial right of the appellant." *State v. Bryant*, 280 N.C. 407, 411, 185 S.E. 2d 854, 856 (1972). We hold that a defendant's right not to be unconstitutionally subjected to multiple criminal trials for the same offense is a substantial right, a violation of which cannot be fully remedied by an appeal taken after the subsequent trial has already occurred. This is so because the mere fact of the subsequent trial is a violation of the protected right. Therefore, we hold that where a motion for

dismissal of criminal charges is based upon double jeopardy grounds, an order denying the motion is immediately appealable.

## II

In her motion to dismiss, defendant alleged that during her second trial, her counsel advised Judge Johnson and the prosecutor that the defense intended to present Yvette Bonner as a witness. Ms. Bonner, a 14 year old girl, had not testified at defendant's first trial and counsel stated that he had become aware of the witness shortly before the commencement of the second trial. During a conference between Judge Johnson and both counsel, the prosecutor inquired as to the extent to which he would be permitted to cross-examine Ms. Bonner concerning her failure to come forward earlier. He specifically inquired as to whether he might ask Ms. Bonner why she had "let Ann Major go to prison and didn't say anything to anybody?" Judge Johnson advised the prosecutor that if such a question was asked, defendant's motion for a mistrial would be granted. The prosecutor was instructed that he should avoid any question involving the fact that a prior trial had been held or the results thereof.

Ms. Bonner testified that the victim, William Corbett, had beaten defendant earlier in the day on which he was killed. She further testified, on direct examination by defendant's counsel, that she told her mother about the beating after reading of Corbett's death in the newspaper. The prosecutor's cross-examination of Ms. Bonner began as follows:

Q. Miss Bonner, when was it you saw all this in the newspaper?

A. I do not have a specific date. If I'm not mistaken, it was around about — it was probably the 12th, because we got the morning's paper and the afternoon's paper.

Q. And what did you see in the newspaper?

A. Well, my mom was reading it, and she had told me about it. I say, "We just left Ann's house not too long ago, yesterday sometime." And then she say, "Yes. It is."

Q. Okay. So you told your mom about it on the 12th?

A. Yes, sir. I did.

Q. Now, did you ever read anything else about Ann Major in the newspaper?

A. Yes, sir.

Q. When was that?

A. When they said she get a retrial.

Q. Okay. Before the retrial, did you read anything before that?

A. No, sir. I didn't.

Q. You didn't read anything about an original trial?

A. No, sir.

MR. WEEKS: Your Honor, we object and ask to be heard.

The defendant moved for a mistrial based upon the prosecutor's reference to "an original trial." Judge Johnson allowed the motion and declared a mistrial.

[2]  Defendant contends that the mistrial was intentionally provoked by the State and that any further prosecution of the charges against her is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Secondarily, she contends that because the trial court did not make written findings of fact and conclusions of law with respect to her motion to dismiss, its order denying her motion is deficient and must be overturned. We overrule both contentions.

The right of a defendant in a criminal proceeding not to be subjected to repeated prosecutions for the same offense is guaranteed by the Fifth Amendment to the Constitution of the United States and by Article I, Section 19 of the Constitution of North Carolina. *United States v. Dinitz*, 424 U.S. 600, 47 L.Ed. 2d 267, 96 S.Ct. 1075 (1976); *State v. Shuler*, 293 N.C. 34, 235 S.E. 2d 226 (1977). Where the former trial is terminated by a mistrial granted at the request of, or with the consent of, a defendant, the general rule is that the Double Jeopardy Clause does not bar retrial, even if the defendant's motion for mistrial is made as a result of prosecutorial error. *United States v. Dinitz, supra; State v. Britt*, 291 N.C. 528, 231 S.E. 2d 644 (1977). There is, however, a narrow exception to the general rule that a defendant's motion for mistrial

removes any double jeopardy bar to retrial. In *Oregon v. Kennedy*, 456 U.S. 667, 72 L.Ed. 2d 416, 102 S.Ct. 2083 (1982), the United States Supreme Court held that where the prosecutorial misconduct giving rise to a defendant's motion for mistrial was intended to "goad" or provoke the defendant into moving for a mistrial, the defendant may invoke the protection of the Double Jeopardy Clause to bar a retrial. In its holding, the Court specified that the standard to be applied in determining whether retrial should be barred is one which examines the intent of the prosecutor. Absent an "intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause," even prosecutorial misconduct sufficiently overreaching as to require a mistrial will not bar a retrial. *Id.* at 676, 72 L.Ed. 2d at 424, 102 S.Ct. at 2089. The standard requires the court considering the motion to bar retrial to make a finding of fact with respect to such intent, the existence or nonexistence of which may usually be inferred from objective facts and circumstances. *Id.*

At the hearing on defendant's motion to dismiss, defendant offered into evidence the motion to dismiss, the contents of which were verified by her attorney, and a transcript of the direct examination and cross-examination of Ms. Bonner at defendant's second trial. The State offered no evidence upon the motion. The record discloses that the trial court examined the transcript and specifically considered the issue of the prosecutor's intent in asking the question which led to the mistrial. At the conclusion of the hearing the trial court stated:

> As I read the transcript of this—I mean, I understand there is some dispute about what happened but accepting what you say and looking at the transcript, I think he was caught in the—between the horns of a dilema [sic] in trying to get before the jury why at this late hour this witness finally comes forward and risks a mis—and risks a mistrial and I don't find—I don't see anything in here that he violated any express instruction of Judge Johnson, or that he didn't do it first. The witness mentioned it first. Then it's certainly conceivable he can deem that as some sort of waiver and proceeded on and Judge Johnson felt like that the prejudice was so much that he had to declare a mistrial. But that does not mean he intended to goad the defendant in asking for a mistrial. I've seen situations in which the State is about to lose a

case, they are aware they are about to lose a case, they are missing a witness, they have been forced to trial, in effect, without a material witness and in a situation like that they deliberately might do something to force the defendant to ask for a mistrial because—so they can get the time. That's the type of thing that justice [sic] Rehnquist, I think, was talking about, that if you did something like that, then you would be entitled to your motion to dismiss. But it has to be something obvious like that, something you can clearly prove. I mean, it naturally follows. This does not naturally follow; as you have admitted yourself, the interpretation that he was just taking a chance in order to get something before the jury that he thought the jury was entitled to know could be a natural interpretation, could be a reasonable interpretation of what is in this transcript. I think it is, too. In fact, I really think that is the most reasonable interpretation, so your motion is denied.

From the foregoing statement, it is apparent that the trial court considered the evidence and the opposing inferences which might be drawn from it. The court determined that the most reasonable inference arising from the circumstances was that, although it may have been improper, the prosecutor's question to Ms. Bonner was not asked in a deliberate, intentional attempt to provoke a mistrial. When the court acts as fact finder, it is for the court to determine which of differing reasonable inferences should be drawn from the evidence. From our review of the record, we cannot say that the trial court's determination was unreasonable or erroneous.

Although it would have been the better practice for the trial court to specifically set out its findings of fact and conclusions of law in its order denying defendant's motion to dismiss, its failure to do so in this case has not resulted in any prejudice to defendant. There were no material conflicts in the evidentiary materials submitted to the court which required resolution by detailed findings of fact. The only factual issue which the trial court was required to resolve was the question of the prosecutor's intent. The resolution of that issue was dependent upon the inferences which the court determined to draw from the established facts. The court's statement, quoted *ante*, amply reflects the inferences

which it chose to draw and sufficiently states the legal basis for its ruling.

The trial court's determination that the prosecutor did not intentionally attempt, by his question, to provoke defendant into moving for a mistrial is supported by the record in this case. Therefore, her retrial is not barred by the Double Jeopardy Clause. We affirm the denial of defendant's motion.

Affirmed.

Judges WELLS and PARKER concur.