829 F.2d 1121
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Wilson ALLEN, Defendant-Appellant.
 No. 86-5149.
 United States Court of Appeals, Fourth Circuit.
 Argued July 2, 1987.
Decided Sept. 17, 1987.
 
 Appeal from the United States District Court for the Eastern District of North Carolina at Wilmington. James C. Fox, District Judge. (CR-86-35-7).
 Wayne Buchanan Eads for appellant.
 Maury S. Epner, Department of Justice (Samuel Rosenthal, Chief, Appellate Section, Criminal Division, United States Department of Justice; Samuel T. Currin, United States Attorney; Thomas P. Swaim, Assistant United States Attorney, on brief), for appellees.
 Before JAMES DICKSON PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Raymond Wilson Allen, having pled guilty to conspiring to possess and distribute cocaine, seeks a new sentencing hearing. He pled guilty pursuant to a plea agreement reached with prosecutors after the government had withdrawn from an earlier, tentative plea agreement. Allen never entered a plea under the first agreement, and understood at the time he entered his plea under the second agreement that the first agreement was without effect. Nevertheless, he now contends that the government should be required to abide by the first agreement's terms. We disagree and affirm the district court.
 
 
 2
 * After his arrest on drug charges, Allen entered into plea negotiations with the United States Attorney for the Eastern District of North Carolina. A tentative plea agreement was reached, pursuant to which Allen agreed to testify truthfully in proceedings concerning the drug scheme in which he had been involved. When Allen breached that agreement by testifying falsely that he had been coerced into aiding law enforcement agents in apprehending his co-conspirators, the government withdrew from it. No plea was entered under this first agreement. After a grand jury indicted him on further charges, Allen reopened plea negotiations with the government and reached a second agreement pursuant to which he pled guilty and was sentenced by the district court.
 
 
 3
 Under the first agreement, Allen agreed to plead to one . count of conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). The government advised him that the maximum sentence he faced was fifteen years imprisonment and a fine of $125,000, and agreed to recommend a five-year sentence. In the second agreement, appellant agreed to plead guilty to one count of conspiring to distribute and to possess with intent to distribute approximately three kilograms of cocaine, again in violation of 21 U.S.C. Sec. 841(a)(1). In this second agreement, the government advised appellant that the maximum sentence he faced was twenty years imprisonment and a $250,000 fine, and agreed to make no recommendation with regard to sentence. Pursuant to this agreement, Allen pled guilty. The district court accepted the plea, sentenced him to fifteen years imprisonment, and ordered him to make restitution of $7,200.
 
 II
 
 4
 Allen now asserts that he has a "constitutional right" to the benefit of the first, tentative plea agreement. In Mabry v. Johnson, 467 U.S. 504 (1984), however, the Supreme Court held that a defendant's acceptance of a plea bargain proposed by prosecutors does not create a constitutional right to the benefit of that bargain. The Court wrote that a plea agreement is "a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." Id. at 507. The first plea agreement was never embodied in the judgment of a court and, therefore, never had any effect.
 
 
 5
 Appellant cites several cases wherein this court has ordered enforcement of a plea bargain where prosecutors have reneged on plea agreements, and claims that these cases compel this court to order enforcement of the first plea agreement. The plea agreements involved in those cases, however, had all been made effective by their incorporation in a judgment of a court. See United States v. Hammerman, 528 F.2d 326 (4th Cir. 1975); Harris v. Superintendent, Va. State Penitentiary, 518 F.2d 1173 (4th Cir. 1975); United States v. Brown, 500 F.2d 375 (4th Cir. 1974). In each case, a defendant was induced to plead guilty by a promise which prosecutors proved, after entry of the plea, unwilling or unable to fulfill. The government's withdrawal from the first plea agreement in this case preceded the entry of appellant's plea, and played no part in inducing that plea. Appellant was explicitly informed by the district court, before he entered his plea, that the first agreement had "no effect," and he indicated that he understood that fact. His plea was entered knowingly, intelligently, and voluntarily, and not on the basis of any unfulfilled promises. See Mabry, 467 U.S. at 510. Furthermore, by acknowledging during the hearing on the second agreement that the first agreement was void, Allen effectively waived his right to rely on the earlier agreement on appeal.
 
 
 6
 The Supreme Court's decision in Mabry guides our decision on one further claim. Because the first plea agreement could not have been enforced, the failure of appellant's counsel to seek to enforce it does not constitute ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 III
 
 7
 Allen also contends that his due process rights were violated because "prosecutorial vindictiveness" motivated the government's decision to withdraw from the first plea agreement, or that the withdrawal gives the appearance of prosecutorial vindictiveness. We disagree.
 
 
 8
 In Bordenkircher v. Hayes, 434 U.S. 357 (1978), the Supreme Court found no due process violation where a prosecutor explicitly told the defendant that he would return to the grand jury and obtain a charge which would greatly increase the defendant's potential punishment if the defendant did not plead guilty to the offense with which he was charged initially. The Court found this a permissible part of "the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power." Id. at 362 (quoting Parker v. North Carolina, 397 U.S. 790, 809 (opinion of Brennan, J.)). Allen was free to accept or reject the government's second plea offer, and the government's withdrawal from the first agreement was likewise a permissible part of the plea bargaining process. See id. at 363.
 
 
 9
 The policy behind the prohibition on vindictive prosecutions is to prevent prosecutors from deterring defendants who seek to invoke their rights. See Blackledge v. Parry, 417 U.S. 21, 27-28 (1974). Since Allen does not contend that the government deterred or attempted to deter him from invoking any right by withdrawing from the first plea agreement, the prohibition on vindictive prosecution is not a legitimate concern in this case.
 
 IV
 
 10
 Finally, appellant claims that the sentencing court based its decision on erroneous information. He contends that the sentencing court believed, incorrectly, that the maximum sentence it could impose included twenty years imprisonment, while the first plea agreement called for a maximum prison term of fifteen years. As is discussed above, and as was made clear to appellant by the sentencing court prior to appellant's plea, the first plea agreement had no effect at the time of the plea, and therefore imposed no limit on appellant's sentence. Furthermore, by pleading guilty to Count 1 of the indictment, appellant admitted the material facts alleged in the indictment. Harlow v. Murray, 443 F. Supp. 1327, 1332 (W.D.Va.), aff'd, 588 F.2d 1348 (4th Cir. 1978). He was therefore convicted of conspiring to distribute and to possess with intent to distribute approximately three kilograms of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). The maximum penalty for distributing this amount of cocaine included, at the time of the offense, twenty years imprisonment. See 21 U.S.C. Sec. 841(b)(1)(A)(ii) (Supp. III 1985). By pleading guilty to the conspiracy charge, appellant submitted himself to a punishment not to exceed that amount. 21 U.S.C. Sec. 846 (1982).
 
 The judgment of the district court is
 
 11
 AFFIRMED.