STATE OF NORTH CAROLINA, PLAINTIFF v. JEROME JEWETT JOHNSON, DEFENDANT

No. 8911SC262

(Filed 3 October 1989)

1. **Criminal Law § 148— judgment based on plea negotiation— trial court's order vacating judgment appealable**

   Defendant could properly appeal from the trial court's order vacating and setting aside an earlier judgment based on plea negotiation and directing that the case be tried, since a final judgment was entered when the trial judge sentenced defendant to probation on a number of special conditions in accordance with the terms of the negotiated plea agreement; the order affected defendant's substantial due process right not to have the State withdraw from a plea bargain arrangement after that plea had been accepted by the trial court; and defendant's constitutional right against double jeopardy was also at issue where defendant would be subjected to a second trial on the same charges.

2. **Criminal Law § 23.1— plea bargain—agreement binding on assistant district attorney who signed it**

   The trial court erred in finding that the assistant district attorney who negotiated the plea at issue in this case did not agree to forego prosecution of defendant for any drug offenses defendant may have committed prior to 8 November 1988, since the plea bargain agreement, signed by defendant, his attorneys, and the assistant district attorney, specifically stated to the contrary.

3. **Criminal Law § 23.1; Constitutional Law § 34— judgment based on plea bargain—setting aside—violation of defendant's right against double jeopardy**

   The trial court erred in setting aside a judgment based on plea negotiation, since to do so would violate defendant's right against double jeopardy.

APPEAL by defendant from *Bowen (Wiley F.), Judge.* Order entered 7 November 1988 in Superior Court, LEE County. Heard in the Court of Appeals 11 September 1989.

Pursuant to a negotiated plea accepted by the presiding judge on 8 November 1988, the defendant pled no contest to a charge

of possession with intent to sell and deliver a controlled substance and received the sentence to which he had agreed. On 10 November 1988, the presiding judge, on the State's motion over defendant's objections, entered an order vacating and setting aside that judgment and directing that these two indictments be returned to the trial calendar. The defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lorinzo L, Joyner, for the State.*

*Loflin & Loflin, by Thomas F. Loflin III, and Hoyle & Hoyle, by Kenneth R. Hoyle, for defendant-appellant.*

LEWIS, Judge.

[1]    The State moved to dismiss this appeal on the grounds that the appeal is premature, arguing (1) that no final judgment had been entered in this case and (2) that the trial judge's order was interlocutory and affected no substantial right. In fact, a final judgment was entered on 8 November 1988 when the trial judge sentenced the defendant to probation on a number of special conditions in accordance with the terms of the negotiated plea arrangement. This appeal is not interlocutory but is instead specifically allowed by G.S. 1-277(a) which permits an appeal from a judicial order which "affects a substantial right" or "grants . . . a new trial." This judgment affects the substantial due process right of the defendant not to have the State withdraw from a plea bargain arrangement after that plea has been accepted by the trial court. This is a substantial right. *State v. Collins,* 300 N.C. 142, 265 S.E.2d 172 (1980). The defendant's constitutional right against double jeopardy is also at issue in this case where the defendant would be subjected to a second trial on the same charges. The effect of the trial judge's order vacating the judgment would be to grant the State a new trial on the same charges after an adjudication of guilty. The State's Motion to Dismiss the Appeal is denied.

[2]    The defendant argues that the trial court erred on two counts. The trial court found as a fact that the assistant district attorney who negotiated the plea at issue in this case did not agree to forego prosecution of the defendant for any drug offenses the defendant may have committed prior to 8 November 1988. We find that such a conclusion is contrary to the evidence.

The plea bargain in this case states in unambiguous language in the first sentence of that agreement:

STATE v. JOHNSON

[95 N.C. App. 757 (1989)]

> Upon tender and acceptance of this plea, the State agrees that it will dismiss all other pending charges and agrees not to prosecute or seek any forfeiture against the defendant for any drug offense which might have occurred prior to November 8, 1988.

The State wishes to vacate the finding of guilty and the sentence based on this plea bargain contending that "the underlying plea agreement was entered into upon a misapprehension of fact and does not accurately reflect the intentions of the state." This negotiated plea was signed by the defendant, two attorneys for the defendant and by the assistant district attorney who stated during the hearing on the motion to vacate:

> I read the document over. I did not see the first sentence. . . . I didn't read that as carefully as I probably should have. . . . I went ahead and signed it. . . . I should have read [the plea agreement] more carefully than I did, but I failed to realize the full impact of what was in the first sentence. . . .

The assistant district attorney testified that he was present in the courtroom when the judge took the plea; he was present in the courtroom while the trial judge read the plea agreement out loud and he was aware that the trial judge was reading the agreement to the parties but did not listen to the judge because he "was involved in talking with the participants in [another] case." On cross-examination, he stated: "I looked at [the plea agreement] and I read it and thought that I understood it prior to the time I signed it." The evidence in this case does not support the contention that the State did not agree to forego prosecution of drug offenses prior to 8 November 1988.

The North Carolina Supreme Court case of *State v. Collins*, *id.*, is controlling. In an unanimous opinion, the Supreme Court stated: "The State may withdraw from a plea bargain arrangement at any time prior to, but not after, the actual entry of the guilty plea by defendant. . . ." *State v. Collins*, 300 N.C. at 148, 265 S.E.2d at 176. Citing *People v. Heiler*, 79 Mich. App. 714 at 721-22, 262 N.W.2d 890 at 895 (1977), the court stated that plea bargain arrangements "are not binding upon the prosecutor . . . until they receive judicial sanction. . . ." *State v. Collins*, 300 N.C. at 148-49, 265 S.E.2d at 176.

In *Collins*, the court noted that "a constitutional right to enforcement of plea proposals," according to the landmark United States Supreme Court decision, *Santobello v. New York*, 404 U.S. 257 (1971), derives from "two constitutional guarantees, namely, the right to fundamental fairness of substantive due process and the sixth amendment right to effective assistance of counsel." *State v. Collins*, 300 N.C. at 147, 265 S.E.2d at 175, *quoting Cooper v. United States*, 594 F.2d 12, 18 (4th Cir. 1979).

[3] The right of a defendant in a criminal proceeding to be subjected to but one prosecution for the same offense would also be violated here if the original plea bargain were set aside. Double jeopardy is prohibited by the Fifth Amendment to the Constitution of the United States and by Article I, Section 19 of the Constitution of North Carolina. *See State v. Shuler*, 293 N.C. 34, 235 S.E.2d 226 (1977). The plea had been adjudicated and the sentence had been imposed. No valid reason has been offered by the State to set aside that plea and adjudication. Therefore, the defendant may not again be tried for the charges which underlie the indictments without twice being placed in jeopardy. The trial judge's setting aside the judgment of 8 November 1988 which had been entered on a negotiated plea agreement was error. It is reversed. The plea and the original sentence stand.

Reversed.

Chief Judge HEDRICK and Judge ORR concur.