STATE OF NORTH CAROLINA v. CURTIS BALDWIN SHOFF

No. 9428SC643

(Filed 16 May 1995)

**Appeal and Error § 115— motion to dismiss—denial—appeal interlocutory**

Pursuant to the statutory limitations contained in N.C.G.S. § 15A-1444(d) and the reasoning in *State v. Joseph*, 92 N.C.App. 203, defendant's appeal from the denial of his motion to dismiss made on double jeopardy grounds is dismissed as interlocutory and nonappealable.

**Am Jur 2d, Appellate Review §§ 237, 239, 244.**

Appeal by defendant from order entered 23 February 1994 by Judge C. Walter Allen in Buncombe County Superior Court. Heard in the Court of Appeals 30 January 1995.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Wade Hall for defendant-appellant.*

MARTIN, MARK D., Judge.

Defendant was charged with driving while impaired. On 17 November 1993 he was found guilty in District Court of Buncombe County, and he appealed to superior court. Defendant's case was called for trial on 3 January 1994. A jury was empaneled and the State presented two witnesses. Following recess of the trial for the day, three to six inches of snow fell in Buncombe County. Defendant's attorney and several of the jurors were unable to return to court on the next day. Defendant's case was rescheduled for trial on 6 January 1994, and was empaneled with a different jury. Defendant objected to the new jury. Because of the inability of the original jury to return to complete the case, Judge Allen declared a mistrial, and the case was continued until 23 February 1994. Defendant then moved to dismiss the charge on the ground of double jeopardy. Defendant's motion was denied, and he gave notice of appeal.

On appeal defendant contends the trial court erred in denying his motion to dismiss the charge of driving while impaired after defendant pled the bar of double jeopardy.

We must first determine whether a statutory right to appeal exists in the present case. Defendant contends this issue has not been preserved for appellate review. The duty of an appellate court to dismiss an appeal for lack of jurisdiction is not contingent upon whether the issue has been preserved for appellate review. *See Waters v. Personnel, Inc.*, 294 N.C. 200, 201, 240 S.E.2d 338, 340 (1978); *Pasour v. Pierce*, 46 N.C. App. 636, 639, 265 S.E.2d 652, 653 (1980).

The right to appeal in a criminal proceeding is purely statutory. *Abney v. United States*, 431 U.S. 651, 656, 52 L. Ed. 2d 651, 658 (1977). Generally, there is no right to appeal in a criminal case except from a conviction or upon a plea of guilty. *State v. Howard*, 70 N.C. App. 487, 488, 320 S.E.2d 17, 18 (1984) (*quoting State v. Webb*, 155 N.C. 426, 430, 70 S.E. 1064, 1065-1066 (1911)). The order of the trial court denying defendant's motion to dismiss is not a final judgment and is, therefore, interlocutory. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381-382, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). We conclude defendant's appeal should be dismissed because it arises from a nonappealable interlocutory order.

Section 15A-1444(d) of the Criminal Procedure Act, enacted in 1977, provides the exclusive statutory authority for appeals in criminal proceedings:

Procedures for appeal to the appellate division are as provided in this Article [15A], the rules of the appellate division, and Chapter 7A of the General Statutes. The appeal must be perfected and conducted in accordance with the requirements of those provisions.

N.C. Gen. Stat. § 15A-1444(d) (1988) (emphasis added). Under the North Carolina Rules of Appellate Procedure an appeal may be had by "[a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action . . . ." N.C.R. App. P. 4(a). Chapter 7A limits appeals in criminal proceedings to those taken from a final judgment. N.C. Gen. Stat. § 7A-27(b) (1989). Likewise, Chapter 15A limits appeals in criminal actions to those taken from a final judgment. *See* N.C. Gen. Stat. §§ 15A-1444(a), *et seq.*; *but see* N.C. Gen. Stat. § 15A-1432(d)-(e) (statutory exception to final judgment rule where superior court reinstates charges dismissed in district court or affirms dismissal of charges by district court).

STATE v. SHOFF

[118 N.C. App. 724 (1995)]

Under these statutes defendant has no right to immediate review of the order denying his motion to dismiss. However, in a series of decisions rendered by this Court, it has been held that the denial of a motion to dismiss on double jeopardy grounds affects a substantial right and is immediately appealable under N.C. Gen. Stat. § 1-277. *See State v. Montalbano*, 73 N.C. App. 259, 260, 326 S.E.2d 634, 635, *disc. review denied and appeal dismissed*, 313 N.C. 608, 332 S.E.2d 182 (1985); *State v. Major*, 84 N.C. App. 421, 422-423, 352 S.E.2d 862, 863 (1987); State v. Johnson, 95 N.C. App. 757, 758, 383 S.E.2d 692, 693 (1989). We take this opportunity to review our prior decisions regarding the appealability of interlocutory orders in criminal proceedings.

In *Montalbano*, this Court relied on a substantial rights analysis under Sections 1-277 and 7A-27 to support the defendant's right to appeal. The Court held that the issue of whether a defendant will be subjected to double jeopardy constituted a substantial right, therefore immediate review was permitted. *Montalbano*, 73 N.C. App. at 260, 326 S.E.2d at 635. In *Major* this Court determined that previous rulings permitted an immediate appeal from an interlocutory order in a criminal case where the order "may destroy or impair or seriously imperil some substantial right of the appellant." *Major*, 84 N.C. App. at 422, 352 S.E.2d at 863, *(quoting State v. Bryant*, 280 N.C. 407, 411, 185 S.E.2d 854, 856 (1972)); *see also State v. Childs*, 265 N.C. 575, 578, 144 S.E.2d 653, 655 (1965) (per curiam) (although the Court in *Childs* determined that no substantial right was affected by the order appealed from, an analysis based on Section 1-277 was applied).

The holdings in *Montalbano* and *Major* were reviewed by this Court in *State v. Joseph*, 92 N.C. App. 203, 374 S.E.2d 132 (1988), *cert. denied*, 324 N.C. 115, 377 S.E.2d 241 (1989). The *Joseph* Court noted that Section 15A-1444, which effectively precluded any substantial rights analysis under Section 1-277, was enacted subsequent to the holdings in *Childs* and *Bryant. Id.* at 206, 377 S.E.2d at 134. Accordingly, the Court concluded that enactment of Section 15A-1444(d) superseded the Supreme Court rulings in *Childs* and *Bryant*, and thereafter eliminated any statutory basis for applying Section 1-277 to the appeal of interlocutory orders issued in criminal proceedings. *Id.* at 206, 377 S.E.2d at 134-135.

In *State v. Johnson*, 95 N.C. App. 757, 383 S.E.2d 692 (1989), filed subsequent to the *Joseph* decision, this Court again applied a substantial rights analysis under Section 1-277 to an appeal in a criminal proceeding. Although concluding the trial court had entered a final

judgment, the *Johnson* Court nonetheless invoked the provisions of Section 1-277 to establish the statutory basis for appellate review rather than the provisions of Section 15A-1444(d). *Id.* at 758, 383 S.E.2d at 693.

We believe the holding in *State v. Joseph, supra,* represents the better view in that reliance upon a substantial rights analysis as the basis for appellate review appears contrary to the plain and unambiguous language of the statutes governing criminal appeals. *See generally* J. Brad Donovan, *The Substantial Rights Doctrine and Interlocutory Appeals,* 17 Campbell L. Rev. 71 (1995).

Accordingly, pursuant to the statutory limitations contained in N.C. Gen. Stat. § 15A-1444(d) and the reasoning in *State v. Joseph, supra,* defendant's appeal is dismissed as interlocutory and nonappealable.[1]

Dismissed.

Judges LEWIS and JOHN concur.

---

1. Because defendant appeals solely pursuant to statute, we decline to address the question of whether appropriate circumstances exist for the issuance of any extraordinary writ. See N.C. Gen. Stat. § 7A-32; N.C.R. App. P. 21, *et seq.*