**STATE v. JOHNSON**

[126 N.C. App. 271 (1997)]

STATE OF NORTH CAROLINA v. TONY ORLANDO JOHNSON

No. COA96-721

(Filed 20 May 1997)

**Constitutional Law § 313 (NCI4th)— plea agreement—attorney's failure to communicate acceptance—revocation of offer—not ineffective assistance of counsel**

Defendant's right to the effective assistance of counsel was not violated because defendant's attorney failed to communicate his timely acceptance of a plea offer prior to its expiration and the prosecutor subsequently revoked the offer where (1) the prosecutor discovered defendant's substantial criminal history and would not have presented the proposed agreement to the trial court even if defendant's attorney had communicated defendant's acceptance to the State in a timely manner, and (2) pursuant to N.C.G.S. § 15A-1023(b), a plea agreement involving a recommended sentence required judicial approval, and there was no way to determine whether the trial court would have accepted or rejected defendant's plea bargain.

**Am Jur 2d, Criminal Law §§ 752, 984-987.**

**Adequacy of defense counsel's representation of criminal client regarding plea bargaining. 8 ALR4th 660.**

**Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.**

Judge GREENE dissenting.

Appeal by defendant from order entered 6 December 1995 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 26 February 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General William B. Crumpler, for the State.*

*N.C. Prisoner Legal Services, Inc., by James A. Crouch, for defendant-appellant.*

WALKER, Judge.

Defendant was indicted for first degree burglary and armed robbery on 19 April 1993. Attorney Ann Loflin was appointed by the court

to represent defendant. On 20 July 1993, the prosecutor communicated a plea offer to Ms. Loflin for defendant. According to the plea offer, defendant would plead guilty to both charges and in return receive a 20-year active sentence upon the court's acceptance of the terms of the plea. The prosecutor informed Ms. Loflin that the plea offer would expire on 22 July 1993. Ms. Loflin discussed the plea offer with defendant sometime during the week in which it was offered, and defendant informed her that he would accept it. On 26 July 1993, the prosecutor further researched defendant's criminal history and found he had several convictions under an alias in Wayne County. That morning, Ms. Loflin advised the prosecutor that defendant would accept the plea offer, but was informed that the plea offer was no longer available.

Defendant proceeded to trial on 27 July 1993 and was found guilty on both charges. Defendant was sentenced to 48 years for the first degree burglary conviction and 38 years for the robbery with a dangerous weapon conviction, with the sentences to run consecutively. Defendant appealed to this Court, and his convictions were affirmed in an unpublished opinion, *State v. Johnson*, 117 N.C. App. 733, 453 S.E.2d 876 (1995). The Supreme Court subsequently denied his petition for discretionary review. *State v. Johnson*, 340 N.C. 361, 458 S.E.2d 193 (1995).

On 22 September 1995, defendant filed a motion for appropriate relief pursuant to N.C. Gen. Stat. §§ 15A-1411-1422 (1988 & Supp. 1995), alleging that prior to trial, Ms. Loflin failed to timely communicate his acceptance of the plea offer to the State, thus violating his right to effective assistance of counsel. An evidentiary hearing was held on 6 December 1995, and the trial court found that Ms. Loflin's failure to communicate defendant's acceptance of the plea offer constituted ineffective assistance of counsel. However, the trial court acknowledged the existence of two lines of case law in this area: one dealing with the Sixth Amendment right to effective assistance of counsel, and the other dealing with the Fourteenth Amendment and prosecutorial misconduct. In noting its uncertainty as to which line of cases applied to the instant case, the trial court observed that it was possible the cases "[did] not conflict, but co-exist, and address completely different constitutional rights." Nevertheless, because the plea offer had never been judicially sanctioned pursuant to N.C. Gen. Stat. § 15A-1023(b) (1988), the trial court found "there was no plea arrangement as a matter of fact" and denied defendant's motion.

STATE v. JOHNSON

[126 N.C. App. 271 (1997)]

On appeal, defendant first contends the trial court erred in relying on *State v. Collins*, 300 N.C. 142, 265 S.E.2d 172 (1980) and *State v. Marlow*, 334 N.C. 273, 432 S.E.2d 275 (1993), thus concluding there was no plea agreement. He argues that he is entitled to have the State renew the plea offer on remand because his right to effective assistance of counsel under U.S. Const. amend. VI and N.C. Const. art. I, §§ 19 and 23 was violated by Ms. Loflin's failure to communicate his acceptance of the plea offer in a timely manner.

When reviewing a trial court's order on a motion for appropriate relief, the findings of fact made by the court are binding if they are supported by competent evidence and may be disturbed only upon a showing of a manifest abuse of discretion. *State v. Pait*, 81 N.C. App. 286, 288-89, 343 S.E.2d 573, 575 (1986). However, the trial court's conclusions of law are fully reviewable on appeal. *State v. Brooks*, 337 N.C. 132, 141, 446 S.E.2d 579, 585 (1994).

Defendant argues that *State v. Simmons*, 65 N.C. App. 294, 309 S.E.2d 493 (1983) is controlling in the instant case. In *Simmons*, the assistant district attorney, the defendant's attorney, and the attorneys for three co-defendants were all present in a pre-trial conference held in the trial judge's chambers. *Id.* at 298, 309 S.E.2d at 496. At that time, the assistant district attorney made a plea offer to the attorneys for defendant and one co-defendant. *Id.* Defendant's attorney mistakenly believed that the offer to defendant was conditioned on acceptance by the co-defendant, and because the co-defendant did not accept, defendant's attorney did not communicate the offer to defendant. *Id.* Affidavits filed by the other parties present during the negotiations stated that the offer was not conditional, and there was no indication that the trial judge would not have accepted the plea. *Id.* at 298-99, 309 S.E.2d at 496. After trial began, defendant's attorney discovered that the plea offer was not conditional, and asked the State to allow defendant to accept the plea; however, the State refused. *Id.* at 299, 309 S.E.2d at 496-97. Defendant averred that he would have accepted the offer if he had known of it. *Id.* at 299, 309 S.E.2d at 497.

On appeal to this Court, we held that failure to inform a client of a plea offer constitutes ineffective assistance of counsel absent extenuating circumstances. *Id.* at 300, 309 S.E.2d at 497. Because of his attorney's misunderstanding, defendant was denied the opportunity to accept the plea offer, which he would have accepted had he known of it, and was therefore clearly prejudiced. *Id.* at 301, 309

S.E.2d at 498. Due to such prejudice, this Court awarded defendant a new trial. *Id.*

However, according to N.C. Gen. Stat. § 15A-1023(b), a plea agreement involving a recommended sentence must first be approved by the presiding trial judge before it can become effective. It is well established in this State that a lack of judicial approval renders a proposed plea agreement "null and void." *State v. Collins*, 300 N.C. 142, 149, 265 S.E.2d 172, 176 (1980). In *Collins*, defendant entered into a written plea agreement with the State which the State subsequently withdrew at defendant's probable cause hearing. *Id.* at 143-44, 265 S.E.2d at 173. At trial, defendant was found guilty and was sentenced to imprisonment. *Id.* at 144, 265 S.E.2d at 173. On appeal, defendant argued he had been deprived of his rights to effective assistance of counsel and due process by the trial court's refusal to enforce the plea agreement. *Id.* at 145, 265 S.E.2d at 174. Our Supreme Court held that "[t]he State may withdraw from a plea bargain arrangement at any time prior to, but not after, the actual entry of the guilty plea by defendant or any other change of position by him constituting detrimental reliance upon the arrangement." *Id.* at 148, 265 S.E.2d at 176. The rationale behind this is that plea agreements

> are not binding upon the prosecutor, in the absence of prejudice to a defendant resulting from reliance thereon, until they receive judicial sanction, anymore than they are binding upon defendants (who are always free to withdraw from plea agreements prior to entry of their guilty plea regardless of any prejudice to the prosecution that may result from a breach).

*Id.* at 148-49, 265 S.E.2d at 176. Because defendant had neither entered a guilty plea, nor in any other way relied on the agreement to his detriment, the Court found that his constitutional rights had not been violated. *Id.* at 149, 265 S.E.2d at 176.

The Court further noted that because judicial approval of plea agreements involving a recommended sentence is required by N.C. Gen. Stat. § 15A-1023(b) and because there had been no such approval of the proposed agreement, "the prosecutor had no authority to bind the State to the dispensation of a particular sentence in defendant's case until the trial judge had approved of the proposed sentence." *Id.* at 150, 265 S.E.2d at 176-77.

The Supreme Court recently revisited the issue of the enforceability of a plea agreement under similar circumstances in *State v.*

**STATE v. JOHNSON**

[126 N.C. App. 271 (1997)]

*Marlow*, 334 N.C. 273, 432 S.E.2d 275 (1993). In *Marlow*, the State, after entering into a plea agreement with defendant, withdrew the offer prior to the actual entry of the pleas and approval by the court. *Id.* at 280, 432 S.E.2d at 279. On appeal, defendant argued that his due process rights were violated by the trial court's refusal to enforce the plea agreement. *Id.* at 279, 432 S.E.2d at 278. The Supreme Court cited *Collins* and stated that "a plea agreement involving a sentence recommendation by the State must first have judicial approval pursuant to N.C. Gen. Stat. § 15A-1023(b) before it is enforceable." *Id.* at 280-81, 432 S.E.2d at 279. Thus, the proposed agreement was unenforceable as a matter of law because it had not been approved by the trial court. *Id.* at 281, 432 S.E.2d at 279.

We believe that the instant case should be governed by the holdings of *Collins* and *Marlow* rather than by *Simmons*. Here, the State withdrew the plea offer before defendant entered a guilty plea or in any other way detrimentally relied upon it. In addition, the plea agreement was never presented to the trial court for approval as required by N.C. Gen. Stat. § 15A-1023(b).

Although the facts of the instant case have some similarities to those of *Simmons*, they are readily distinguishable. Here, the trial court found that because the prosecutor discovered defendant's substantial criminal history, the State would not have allowed defendant to receive only a 20-year sentence for the crimes with which he was charged. Therefore, the proposed agreement would not have been presented to the trial court even if Ms. Loflin had communicated defendant's acceptance to the State in a timely manner. Contrasted with *Simmons*, the sole reason there for the proposed plea agreement not being presented to the trial court was the negligence of defendant's attorney. Additionally, in *Simmons*, the plea negotiations were discussed in a pre-trial conference and there was no indication that the trial judge would not have approved the plea agreement. *See Simmons*, 65 N.C. App. at 298-99, 309 S.E.2d at 496.

Further, even if Ms. Loflin had told the prosecutor of defendant's acceptance of the plea offer before the 22 July 1993 deadline, the trial court must approve the plea agreement pursuant to N.C. Gen. Stat. § 15A-1023(b) in order for it to become enforceable. Because the agreement was never presented to the trial court, we have no way of determining whether the trial court would have accepted or rejected it, and the lack of judicial approval rendered the proposed agreement "null and void." *See Collins*, 300 N.C. 142, 149, 265 S.E.2d at 176.

STATE v. JOHNSON

[126 N.C. App. 271 (1997)]

We conclude the trial court properly found that no enforceable plea agreement existed between defendant and the State, and that defendant's constitutional rights have not been violated.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit.

Affirmed.

Judge GREENE dissents.

Judge McGEE concurs.

Judge GREENE dissenting.

I do not agree that *Collins* and *Marlow* require affirming the order of the trial court denying the defendant's motion for appropriate relief.

*Collins* and *Marlow* simply hold that the "State *may* withdraw from a plea bargain arrangement at any time prior to, but not after, the actual entry of the guilty plea by defendant or any other change of position by him constituting detrimental reliance upon the arrangement." *State v. Collins*, 300 N.C. 142, 148, 265 S.E.2d 172, 176 (1980) (emphasis added); *accord State v. Marlow*, 334 N.C. 273, 280, 432 S.E.2d 275, 279 (1993). These cases do not address the issues presented in this case: (I) can ineffective assistance of counsel at the plea bargaining stage amount to a denial of a defendant's Sixth Amendment right to counsel, and if so, (II) what is the appropriate remedy.

I

In *Simmons* this Court specifically held a defendant's Sixth Amendment right to effective assistance of counsel could be violated during the plea bargaining stage of a criminal trial. *State v. Simmons*, 65 N.C. App. 294, 300, 309 S.E.2d 493, 497 (1983). In this case the trial court determined that the failure of the defendant's attorney to timely communicate (to the district attorney) the defendant's acceptance of the plea offer constituted ineffective assistance of counsel. The State has not assigned error to this determination and we therefore do not address this issue. N.C. R. App. P. 10(a) & (d) (1997) (scope of appellate review limited to consideration of assignments and cross-assignments of error).

STATE v. JOHNSON

[126 N.C. App. 271 (1997)]

## II

The only dispute before this Court relates to the formulation of a proper remedy to address the ineffective assistance of counsel. The remedy for ineffective assistance of counsel "should put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred," *United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994), and in so doing "should be tailored to the injury suffered . . . and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364, 66 L. Ed. 2d 564, 568, *reh'g denied*, 450 U.S. 960, 67 L. Ed. 2d 385 (1981). Thus one more fair trial "would not necessarily revive the lost chance." *State v. Kraus*, 397 N.W.2d 671, 674 (Iowa 1986). On the other hand, requiring specific performance of the original plea offer "might unnecessarily infringe on the competing interests of the State." *Turner v. State of Tenn.*, 858 F.2d 1201, 1209 (6th Cir. 1988), *cert. granted, judgment vacated*, Tenn. v. Turner, 492, U.S. 902, 106 L. Ed. 2d 559 (1989). Balancing these competing interests is difficult but can be accomplished in the following manner: remand the case to the trial court for reinstatement of the lost plea offer. If, however, the State can demonstrate to the trial court that it had knowledge of circumstances arising prior to the defendant's trial that would have justified the withdrawal of its plea offer, the plea offer need not be reinstated.[1] *See Blaylock*, 20 F.3d at 1468-69. If the plea offer is reinstated, the approval of that plea remains subject to the approval of the trial court, N.C.G.S. § 15A-1023(b) (1988), and should be approved or rejected on the basis of information that was available prior to the defendant's trial. In no event will there be a need for a new trial. If the trial court accepts the reinstated plea, the defendant's conviction is vacated and he is to be resentenced in accordance with the reinstated plea agreement. If the trial court permits the State to withdraw its original plea offer or if the trial court refuses to accept the reinstated plea, the conviction and sentence entered in this case will remain in place. This procedure accommodates the policy articulated by the United States Supreme Court that the "State [must] bear the risk of

1. The State argues on appeal that there is evidence in this record that the State would not have allowed defendant to accept the plea bargain arrangement of a twenty-year active term of imprisonment because the prosecutor discovered, prior to the time the plea was to be tendered to the trial court, that the defendant had a "substantial criminal history." There is no such evidence in this record. There are arguments made by the State to the trial court that includes such statements, but this is not evidence. *See Huss v. Huss*, 31 N.C. App. 463, 466, 230 S.E.2d 159, 161 (1976). On remand the State will have the opportunity to present this evidence.

constitutionally deficient assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 379, 91 L. Ed. 2d 305, 322 (1986).

I would therefore remand to the trial court for further proceedings consistent with these procedures.