STATE of Wisconsin, Plaintiff-Respondent,

v.

William John BECKES, Defendant-Appellant.†

Court of Appeals

*No. 80–382–CR.  Submitted on briefs October 24, 1980.—
Decided November 24, 1980.*
(Also reported in 300 N.W.2d 871.)

† Petition to review denied.

1

For the defendant-appellant the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Defendant appeals from a judgment of conviction of robbery, sec. 943.32(1)(a), Stats., and concealing identity, sec. 946.62, Stats., contrary to those statutes and sec. 939.05(2)(b), Stats.   The issue is whether defendant is entitled to specific performance of a plea bargain which was withdrawn by the prosecutor after defendant's acceptance but before a plea of guilty was entered.

Defendant's initial appearance on the above charges took place on March 7, 1979.   Defendant's attorney negotiated a plea agreement with an assistant district attorney later that day.   Under the terms of that agreement, defendant was to plead guilty to the robbery charge and the state was to move for dismissal of the charge of concealing identity.   Both parties were to request a presentence investigation, and the state was to recommend probation with county jail time as a condition of probation.   The final term of the agreement was that defendant was required to accept it before the preliminary examination.

Defendant accepted the terms of the plea agreement on March 8, 1979.   That same day, he appeared in court and waived his right to a preliminary examination.   Defendant's counsel also informed the assistant district attorney that he would be filing a request for a substitution of judge.

Defendant was arraigned on March 13, 1979.   The state filed an information charging both robbery and concealing identity.   Defendant entered a plea of not guilty to each charge.

Defendant then moved to withdraw his pleas and for specific performance of the plea agreement. A hearing on the motion was held on May 9, 1979. Defendant's counsel informed the court that he had been surprised at the arraignment by the fact that the state had filed an information which did not comply with the terms of the plea bargain. In order to protect his client's rights, he entered the not guilty pleas. Defendant requested that the court allow him to withdraw the pleas, that it require the state to file a new information, and that he be allowed to plead guilty to a single charge as contemplated by the plea agreement.

The state explained that it was unaware at the time it entered into the plea agreement that defendant would move for a substitution of judges, that the motion constituted a material change in circumstances and a breach of the agreement, and that defendant was not in any event entitled to specific performance. The trial court did not agree that the motion for substitution of judges was a material change in circumstances, but held that defendant's proper remedy was to be returned to the position he occupied before entering into the agreement. Accordingly, the court allowed defendant to withdraw his plea and scheduled a preliminary examination, but refused to grant specific performance.

Defendant was tried by jury on both counts and found guilty of each. The sole issue he raises on appeal is whether the trial court erred in denying enforcement of the terms of the plea bargain. The issue is one of first impression in Wisconsin.

Plea bargaining has been recognized as an "essential component of the administration of justice." *Santobello v. New York,* 404 U.S. 257, 260 (1971) ; *State ex rel. White v. Gray,* 57 Wis.2d 17, 21, 203 N.W.2d 638, 640 (1973). As an important phase in the process of criminal justice, plea bargaining must be attended by procedural safeguards to ensure that a defendant is not treated un-

4

fairly. *Santobello,* 404 U.S. at 262. Thus, when a defendant pleads guilty to a crime pursuant to a plea agreement and the prosecutor fails to perform his part of the bargain, the defendant is entitled to relief.[1] *Santobello,* 404 U.S. at 262. By the same token, courts have held that a defendant who does some act to fulfill his part of the bargain in reliance on a plea agreement (e.g., makes restitution of stolen money or acts as an informer) is entitled to some form of relief when the government breaches its part of the agreement. *See, e.g., United States v. Carter,* 454 F.2d 426 (4th Cir. 1972); *State v. Kuchenreuther,* 218 N.W.2d 621 (Iowa 1974).

In this case, defendant took no action in reliance on the plea bargain. If a contract analogy were applied, we would say that the state breached the contract, but the defendant has not proven that he was damaged as a result of the breach. A deeper inquiry is mandated, however, by defendant's assertion that he has a constitutional right to enforcement of the plea bargain. In analyzing the requirements of the constitution, the law of contracts has limited utility.[2]

Defendant bases his argument on *Cooper v. United States,* 594 F.2d 12 (4th Cir. 1979). In that case, the fourth circuit enforced a plea bargain that was withdrawn after it had been communicated to defendant but before he had a chance to accept it. The court found that two constitutional provisions, acting together, required enforcement of the bargain. The first of these was the sixth amendment right to effective assistance of counsel. The court determined that

[1] *Santobello,* 404 U.S. 257 (1971), did not specify the relief to which a defendant was entitled, leaving that decision to the state courts.

[2] *Cooper v. United States,* 594 F.2d 12, 16–17 (4th Cir. 1979). We agree with the court in *Cooper* that "the temptation to take the relative certainties of established common law analogies too far in developing difficult constitutional doctrine is ever present and ever to be resisted." 594 F.2d at 17.

[t]o the extent that the government attempts through defendant's counsel to change or retract positions earlier communicated, a defendant's confidence in his counsel's capability and professional responsibility, as well as in the government's reliability, are necessarily jeopardized and the effectiveness of counsel's assistance easily compromised. *Cooper*, 594 F.2d at 18–19.

We do not find the fourth circuit's reasoning persuasive. A determination that a defendant has been denied effective assistance of counsel is focused on counsel's actions, not defendant's perception of the process. The Wisconsin Supreme Court held in a case involving a claim of ineffective assistance of counsel as grounds for the withdrawal of a guilty plea that the test was whether the representation of counsel was equal to that of an "ordinarily prudent lawyer, skilled and versed in criminal law." *State v. Harper*, 57 Wis.2d 543, 557, 205 N.W.2d 1, 9 (1973). Defendant has made no claim that his counsel was ineffective under the *Harper* standard.

Defendant's contention, and the fourth circuit's conclusion, that defense counsel is rendered ineffective in the eyes of the defendant by the state's withdrawal from a plea agreement, and that this perceived ineffectiveness results in a constitutional violation, is unsupported by logic. The constitution does not and cannot guarantee that every defendant will trust his attorney or perceive the attorney as an effective advocate. In rejecting the *Cooper* analysis, the third circuit stated:

We refrain from holding that, absent any detrimental reliance, the possibility that a defendant may lose faith in his attorney when presented with unfavorable changes in negotiations violates his sixth amendment right to effective counsel. We note that in plea negotiations, even when they do not involve the withdrawal of a plea proposal, there is a possibility that the defendant may lose faith in his attorney when, for example, the government fails to offer any plea proposal or offers only an unfavorable one. This factor, without more, is not enough to violate the defendant's sixth amendment

right. *Gov't of Virgin Islands v. Scotland,* 614 F.2d 360, 363 (3d Cir. 1980).

The defendant may also lose faith in his counsel when a plea agreement is negotiated and the judge chooses not to accept it.[3] This loss of faith or perception of incompetency is unfortunate, largely unpredictable, and often unavoidable; but to say that it gives rise to a constitutional violation is to go too far. Attorneys can adequately safeguard against these difficulties by disclosing to their clients that the proposed plea bargain may never come to fruition.

The court in *Cooper* also concluded that its holding was required by the concept of substantive due process. The court held that notions of fundamental fairness require the government to stick to its word once it has made an offer of a plea bargain. Defendant emphasizes that plea bargains raise expectations of a particular disposition of the case in the minds of defendants, and that those expectations should not be shattered by the prosecutor. We hold that, in this context, the due process clauses of the state and federal constitutions do not protect a defendant against shattered expectations. Those expectations can be as easily shattered by a judge who declines to accept a plea bargain, yet judges are not required to accept plea bargains.

The concept of fundamental fairness does prohibit the government from breaking a promise which induced the defendant to take some action detrimental to himself in reliance on the bargain. The situation is far different when there has been no detrimental reliance. As the Michigan Court of Appeals stated in considering this question:

Although we do not condone the conduct of the prosecutor's office in this case, neither do we think it proper,

---

[3] A trial court is not bound by a plea agreement. *Shavie v. State,* 49 Wis.2d 379, 182 N.W.2d 505 (1971).

in the absence of a finding of abuse of prosecutorial discretion and resultant prejudice to defendant, for the trial judge to undertake to impose upon the prosecutor an agreement with terms he believes to be unwise. Such agreements are not binding upon the prosecutor, in the absence of prejudice to a defendant resulting from reliance thereon, until they receive judicial sanction, any more than they are binding upon defendants (who are always free to withdraw from plea agreements prior to entry of their guilty plea regardless of any prejudice to the prosecution that may result from a breach). *People v. Heiler,* 79 Mich. App. 714, 262 N.W.2d 890, 895 (1977).

Absent detrimental reliance on the bargain, the defendant has an adequate remedy by being restored to the position he occupied before he entered into the agreement.

It may be argued that this "remedy" is insufficient, particularly in cases where, as here, the government's acts were far from exemplary. However, the defendant is then entitled to his constitutional right to trial by jury. This fundamental right would be belittled if we held it to be an insufficient "remedy" or result for a defendant who has not been induced to rely on the plea to his detriment. . . . There is no rational basis for holding, in essence, that a trial is sufficient for the defendant who has not been offered a plea and insufficient for the one who has. *Scotland,* 614 F.2d at 365.

Defendant retained his right to a jury trial, a right which he exercised. Defendant was also restored his right to have a preliminary examination. It was not fundamentally unfair for defendant to be returned to pre-bargain position when the bargain was withdrawn. We thus reject the *Cooper* analysis and its holding

We are not presented with a claim of a prosecutor's "deliberate abuse of the assumed opportunity freely to make and withdraw plea proposals as a means of testing

the wills and confidence of defendants and their counsel or of deliberate harassment." *Cooper,* 594 F.2d at 20. Our holding is a narrow one: so long as the prosecutor does not abuse his discretion in doing so, he may withdraw from a plea bargain at any time prior to the entry of a guilty plea by defendant or other action by him constituting detrimental reliance on the agreement. This holding is in accord with the holdings of the courts of all jurisdictions other than the fourth circuit which have considered the precise issue. *Scotland,* 614 F.2d 360; *Shields v. State,* 374 A.2d 816 (Del. 1977), *cert. den.* 434 U.S. 893 (1977); *State v. Edwards,* 279 N.W.2d 9 (Iowa 1979); *Heiler,* 79 Mich. App. 714; *State v. Collins,* 300 N.C. 142, 265 S.E.2d 172 (1980); *State ex rel. Gray v. McClure,* 242 S.E.2d 704 (W. Va. 1978).

We urge prosecutors to use their power to withdraw from a plea bargain sparingly. As the Iowa Supreme Court states: "A prosecutor or defense counsel who makes unauthorized offers or reneges on representations made limits his or her professional effectiveness and adversely impacts judicial proceedings." *Edwards,* 279 N.W.2d at 12.

*By the Court.*—Judgment affirmed.