Ernie Lee COPE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee. (Two cases)

Supreme Court of Kentucky.

Feb. 16, 1983.

Jack E. Farley, Public Advocate, R. Neal Walker, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was convicted of first degree escape and first degree assault, sentenced to terms of ten years and 20 years, respectively, said sentences to run consecutively. The basis for the convictions was that appellant arranged for a girlfriend to smuggle a hacksaw blade into the Rockcastle County Jail, which appellant and a fellow inmate utilized to saw their way out of their cell. Finding a back door locked, they went to a steel door at the front of the detention facilities and there summonsed a deputy jailer. When the deputy opened the door, he was engaged in a fight by the escapees and one of them struck him in the head with a metal bar. The other pertinent facts will be discussed in relation to the issues presented by this appeal.

The first alleged error is the failure of the Commonwealth to honor a plea bargain agreement to accept a plea of guilty in return for a ten-year sentence. The history of the plea bargain indicates to this court that there was, in fact, no agreement. It discloses that an attorney was appointed to

represent the appellant on a theft charge, which apparently was the charge on which appellant was incarcerated at the time of the escape and assault. Learning of the other pending charges, the first attorney sought to negotiate a plea on all pending charges for a ten-year sentence, the amount of time the fellow inmate jointly charged with the escape and assault had received. The finality of the plea was postponed and the case was continued in order for appellant's attorney to determine other charges which appellant informed him might be pending in Madison and Fayette counties.

About six weeks after the continuance, a new Commonwealth's Attorney was appointed to fill an existing vacancy, and appellant's attorney notified all concerned of his desire to plead his client guilty, although he was hazy in his recollection of the sentence which he sought. The record further indicates that the appellant, defendant in the lower court, was never present during the plea bargaining.

Some three months after the original hearing was set on the theft charges, another attorney was appointed for the appellant to represent him on the escape and assault charges. At this time, appellant offered to plead guilty for a 15-year sentence, was offered 18 years by the Commonwealth, this was declined, and the cases went to trial. These sentences totalling 30 years resulted.

Appellant argues that "fairness" mandates that he be permitted to enforce the ten-year "bargain," irrespective of the fact that the agreement was never consummated by a plea of guilty, new negotiations were begun after the second indictment was returned, and appellant elected to go to trial. Appellant relies on *Cooper v. United States*, 594 F.2d 12 (4th Cir.1979), in which the court held that contract law requiring consummation was not applicable and that fundamental fairness dictated performance by the prosecution. The facts of *Cooper* are readily distinguishable from the case at bar. Additionally, we would join those jurisdictions which have repudiated *Cooper*. *See Government of the Virgin Islands v. Scotland*, 614 F.2d 360 (3d Cir.1980); *People v.*

*Barnett*, 113 Cal.App.3d 563, 170 Cal.Rptr. 255 (1981); *People v. Ferguson*, Ill.App., 90 Ill.App.3d 416, 45 Ill.Dec. 802, 413 N.E.2d 135 (1980); *State v. Collins*, 300 N.C. 142, 265 S.E.2d 172 (1980); *State v. Edwards*, Iowa, 279 N.W.2d 9 (1979); *State v. Wheeler*, Wash., 95 Wash.2d 799, 631 P.2d 376 (1981); *Commonwealth v. Smith*, Mass., ——Mass. ——, 427 N.E.2d 739 (1981); *State v. Beckes*, Wis.App., 100 Wis.2d 1, 300 N.W.2d 871 (1980). It is our opinion that a plea bargain agreement which has not been consummated is not enforceable unless there has been a reliance on the bargain by the defendant which has resulted in detriment to him, and by "detriment" we do not mean a longer sentence. To hold otherwise would abrogate the plea bargain system.

■ The second issue brought out by appellant is his contention that the court should have instructed the jury on attempted escape under the facts herein. The evidence was that appellant had sawed out of his cell, gone past the locked steel door by assaulting the deputy jailer, and entered a lobby area which was used by the jailer as his television room. There were no locked doors between this room and the street. While in this area, appellant was prevented from further egress by a "trusty," another prisoner. It is our opinion that the lower court was correct in denying an instruction on criminal attempt. KRS 520.020(1) prohibits "escape from a detention facility." Paragraph (4) of 520.010 defines a detention facility as "any place used for the confinement of a person ... (c)harged with or convicted of an offense." When appellant entered the lobby/TV room, his departure from the "detention facility" was completed.

■ Appellant next contends that the admittedly erroneous instructions resulted in double jeopardy. The instructions seem to require the jury to find that the assault was committed during the course of an escape, which appellant argues would make this a multiple punishment for the same offense as prohibited by *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Appellant compares this case to the

felony murder cases, where conviction of the murder bars conviction for the other felony. However, escape from a detention facility or custody is not an element of KRS 508.010, which statute defines assault in the first degree. This statute prohibits intentional serious physical injury with a deadly weapon or dangerous instrument and other elements, all of which elements were included in the instructions. The use of reference to the escape was merely descriptive of this particular case and did not result in two punishments for the escape, as argued by appellant. This is the type of conduct clearly envisioned by KRS 505.020, which permits prosecution for two offenses occurring during a single course of conduct.

Appellant further complains, by way of appeal from an order of the lower court denying him a new trial, that the prosecutor had supplied the court with false information during the trial. This came about when an accomplice of the appellant was testifying that she had smuggled in a hacksaw blade to the appellant and that he had requested a gun, which she refused. During cross-examination, in an attempt to discredit the witness, she was asked what recommendation the Commonwealth had made on sentence on her guilty plea. The acting prosecutor interjected that he had "recommended two years *without* probation." As a matter of fact this statement was partially true, but incomplete. The Commonwealth had also agreed that if she would testify, it would recommend probation.

It is our opinion that this falls short of the standard required in *Williams v. Commonwealth*, Ky., 569 S.W.2d 139, 143 (1978), viz., that the perjury, if such it be, "could in any reasonable likelihood have affected the judgment of the jury." Under the circumstances of this case the error was harmless. The witness was impeached by the conviction and her evidence included little that the appellant had not admitted and subsequently testified about.

The other errors asserted by the appellant are without merit.

The judgment is affirmed.

All concur.