894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandy Leo TUNGATE, Petitioner-Appellant,
v.
William SEABOLD, Warden; Kentucky State Penitentiary,
Respondents-Appellees.
 No. 89-5489.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1990.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's summary judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 3
 Petitioner was convicted by a jury of attempted first-degree rape and sentenced to ten years imprisonment. Following his conviction for being a persistent felony offender in the first degree, his sentence was enhanced to twenty years.
 
 
 4
 After the unsuccessful conclusion of his direct appeal, petitioner filed his petition for a writ of habeas corpus in the District Court for the Eastern District of Kentucky. In support of his claim to that relief, he maintained that he was denied due process when the prosecutor failed to honor a plea agreement. The district court found petitioner's claim to be without merit and, granting respondent's motion for summary judgment, dismissed the petition.
 
 
 5
 Upon review, we shall affirm the district court's judgment as the petitioner was not denied fundamental due process. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 6
 Petitioner's Alford plea did not comply with the requirements of the offer as submitted by the prosecutor. An acceptance of an offer must comply exactly with the requirement of the offer, omitting nothing from the promise or performance requested, in order for a binding contract to result from the acceptance. Venters v. Stewart, 261 S.W.2d 444 (Ky.1953); see also Cope v. Commonwealth, 645 S.W.2d 703 (Ky.1983) (a plea agreement is a contract between the parties). Petitioner's attempt to accept the prosecutor's offer in a manner different from that agreed to did not bind the prosecutor in the absence of a meeting of the minds on this altered type of acceptance. Consequently, no plea agreement existed between the parties at the time the prosecutor declined to recommend a five year prison sentence.
 
 
 7
 Accordingly, the district court's judgment entered March 20, 1989, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation