IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 15, 2015


**STATE OF TENNESSEE v. ANTHONY BOBO**


**Appeal from the Criminal Court for Shelby County**
**No. 15-01726     Glenn Ivy Wright, Judge**

_____


**No. W2015-00930-CCA-R3-CD  -  Filed March 2, 2016**
_____


Prior to his indictment, the defendant entered into a written and signed plea agreement with the State in general sessions court, where he waived his right to a preliminary hearing and presentment to the grand jury and indicated he intended to plead guilty to one count of aggravated burglary.  After the matter was transferred to criminal court but before the court could accept the plea agreement, the State indicated that it would refuse to abide by the terms.  The defendant was ultimately granted a preliminary hearing and indicted, and he then entered an open guilty plea to one count of aggravated burglary, a Class C felony, one count of vandalism of property valued at $10,000 or more, a Class C felony, and one count of theft of property valued at $1,000 or more, a Class D felony.  The trial court sentenced the defendant to serve four years on supervised probation for each conviction, with all the sentences to be served concurrently.  In entering his guilty pleas, the defendant reserved a certified question of law asking this court to decide whether a written plea agreement, executed in general sessions court, was binding on the State prior to its acceptance by the criminal court.  We conclude that the certified question is not dispositive of the defendant's aggravated burglary conviction, and accordingly dismiss the appeal of that offense.  We further hold that such an agreement is not enforceable absent detrimental reliance by the defendant, and we conclude that the trial court did not err in remanding for a preliminary hearing and indictment rather than granting the defendant specific performance of the agreement.  The judgments of the trial court are affirmed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR. J., joined.  ROGER A. PAGE, J., not participating.

Stephen Bush, District Public Defender; and Barry W. Kuhn (on appeal) and A. Benjamin Baker (at trial), Assistant District Public Defenders, for the Appellant, Anthony Bobo.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

On May 23, 2014, a Memphis residence was burglarized. The perpetrator took the proverbial kitchen sink, various faucets, copper pipes from inside the home, a coil and copper wiring from the air conditioner, a toilet, and a bathroom vanity. In committing the theft, the perpetrator tore apart several walls, ripped off the countertops and kitchen cabinets, and caused other damage. A latent print recovered from the air conditioner coil matched the defendant's palm, and the defendant gave a statement to police admitting his guilt. The stolen property was valued at over $2,000 and the damage to repair the home was valued at over $10,000. An arrest warrant detailing the evidence linking the defendant to the crimes and charging the defendant with aggravated burglary, theft of property over $1,000, and vandalism over $10,000 was issued on July 3, 2014.

On July 23, 2014, the general sessions court of Shelby County entered a document entitled "Waiver Bind Over and Mittimus Information." This document stated that the defendant waived his right to a preliminary hearing and to the presentment of charges to the grand jury and that he was bound over to the criminal court on information. The document indicated that the parties had come to a negotiated plea settlement: the defendant would plead guilty to aggravated burglary as a standard, Range I offender and be sentenced to three years, with the possibility of filing for probation or other alternative sentencing. This document was executed by the defendant, his attorney, the general sessions judge, and the Assistant District Attorney General.

At some point after the case was transferred to criminal court, the District Attorney General indicated that she would not approve the plea agreement, and the State stated that it would no longer abide by the terms. The defendant filed a motion to compel the State to uphold its bargain. The State argued that the agreement was revocable until accepted by a court with jurisdiction over felonies, which the general sessions court did not have, and the State suggested that the defendant would be made whole if the court

2

would remand the case to general sessions court in order to hold the preliminary hearing that the defendant had waived. On December 17, 2014, the trial court remanded the case for a preliminary hearing.[1] The defendant filed a motion for permission to seek an interlocutory appeal, which was granted, but this court denied review. *See State v. Anthony Bobo*, Order, No. W2014-02544-CCA-R9-CD, (Tenn. Crim. App. Feb. 10, 2015). The defendant also sought to reduce his bond at the time that the case was remanded for a preliminary hearing.

The defendant was indicted on April 14, 2015, for aggravated burglary, vandalism of property valued at $10,000 or more but less than $60,000, and theft of property valued at $1,000 or more but less than $10,000. On May 19, 2015, the defendant entered open guilty pleas to all charges, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). The trial court sentenced him to four concurrent years for each offense. The defendant had been in confinement since his arrest, and the trial court ordered him to serve the remainder of his time on supervised probation. The certified question presented is "whether a written, signed and court-approved plea agreement, when executed by all parties in general sessions criminal court, is binding on the State of Tennessee and, thus, can be enforced by a Circuit Criminal Court Judge having plenary jurisdiction over the proposed felony plea agreement."

## ANALYSIS

### I. Certified Question

Although neither party raises the issue in its briefs, we must first determine whether the question before us may properly be addressed as a certified question of law. The defendant pled guilty under Tennessee Rule of Criminal Procedure 37(b)(2)(D), which states that a defendant may appeal from a plea of guilty or nolo contendere absent a plea agreement if "the defendant – with the consent of the court – explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2)(A)(i)-(ii) are otherwise met." Rule 37(b)(2)(A)(i) requires the judgment of conviction or order reserving the certified question to contain a statement of the certified question of law preserved for review, and Rule 37(b)(2)(A)(ii) requires that the order "identifies clearly the scope and limits of the legal issue reserved." In this case, the trial court consented to the preservation of the question, the question was included in the judgment, and the question clearly identifies the scope of the legal question before us.

---

[1] A written order denying the motion to compel was apparently filed December 1, 2014, but it is not a part of the record.

We turn to the question of whether the certified question reserved in the judgment is dispositive. A certified question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (quoting *State v. Walton,* 41 S.W.3d 75, 96 (Tenn. 2001) (quoting *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984))). If the appellate court might reverse and remand, the issue is not dispositive. *Wilkes*, 684 S.W.2d at 667. The appellate court is not bound by the determination of the trial court that a question is dispositive but must make an independent determination. *Dailey*, 235 S.W.3d at 134-35. If the appellate court determines that the certified question presented is not dispositive, it must dismiss the appeal. *Walton*, 41 S.W.3d at 96 ; *see also Dailey*, 235 S.W.3d at 135-36 (citing cases). Accordingly, "the quagmire of criminal jurisprudence in Tennessee — the inappropriate utilization of Tenn. R.Crim. P. 37(b)[]" has resulted in numerous cases in which a defendant pled guilty only to have the court determine on appeal that his certified question could not be addressed because it was not dispositive of the charges. *State v. Thompson*, 131 S.W.3d 923, 923-24 (Tenn. Crim. App. 2003).

In *State v. Thompson*, the defendant was charged with driving under the influence ("DUI") as a repeat offender, but he was not provided with a copy of his prior convictions at his arraignment. *Thompson*, 131 S.W.3d at 924. The defendant entered a guilty plea, but he challenged his conviction as a repeat offender under Rule 37, asserting that he could at most be charged as a first offender. *Id.* at 925. This court held that the question was not dispositive because even if the defendant were correct that he could not be prosecuted as a repeat offender, "then we could only reverse the trial court and remand for a new sentencing hearing for a conviction of DUI, first offense." *Id.*; *see also State v. Bailey*, 213 S.W.3d 907, 911-12 (Tenn. Crim. App. 2006) (concluding that the question of competency was not dispositive because error in the trial court's determination would result in remand on the question of involuntary commitment to a mental hospital); *State v. Oliver*, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000) (concluding that challenge to conviction for fourth offense DUI was not dispositive because the case would have to be remanded on a misdemeanor charge).

A question may be dispositive of one charged offense and yet not dispositive of another. *See State v. Michael Kennedy*, No. W2001-03107-CCA-R3-CD, 2003 WL 402798, at *1, *3-4 (Tenn. Crim. App. Feb. 21, 2003) (dismissing appeal of two cases involving three offenses which were supported by evidence outside the challenged search and affirming remaining convictions); *see also State v. Harris*, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (holding that defendants' challenge to one of two searches was dispositive because charges based on other search had been dismissed). When the certified question is dispositive of one or more convictions but not dispositive of others, this court may dismiss the appeal of those convictions that do not satisfy the requisites of

4

Rule 37 and hear the appeal of those convictions of which the certified question is dispositive. In *State v. Adam George Colzie*, the defendant pled guilty to reckless driving and to a drug offense. No. M1998-00253-CCA-R3-CD, 1999 WL 1074111, at *1 (Tenn. Crim. App. Nov. 30, 1999). He appealed under Rule 37, challenging the legality of the search of his vehicle, which took place after he was stopped for driving at ninety-two miles per hour in a sixty-five-mile-per-hour zone. *Id.* This court concluded that the question regarding the search was dispositive of the drug offense but not of the reckless driving offense. *Id.* at *3-4. Accordingly, we dismissed the appeal as to the reckless driving conviction, but we proceeded to consider the validity of the search and determined that the drug conviction should be reversed and dismissed. *Id.* at *10.

In the case before us, if this court were to enforce the defendant's original plea agreement, we would be required to reverse and dismiss the theft and vandalism charges. *See* Tenn. R. Crim. P. 8(a) (requiring mandatory joinder for offenses "based on the same conduct or arise from the same criminal episode" and prohibiting separate trials for such offenses unless the offenses are severed pursuant to Rule 14); *State v. Johnson*, 342 S.W.3d 468, 473 (Tenn. 2011) (noting that Rule 8 was designed to prevent "saving back" charges and that failure to include offenses based on the same conduct or part of the same criminal episode "prevents the State from subsequently prosecuting the other charges that should have been included in the original indictment").

However, the same is not true for the aggravated burglary conviction. The original plea agreement specified that the defendant would plead guilty to aggravated burglary in exchange for a three-year sentence, rather than the four-year sentence he received after submitting an open plea on the same charge. Clearly, the enforceability of the State's contract is not dispositive of this conviction. *See Thompson*, 131 S.W.3d at 925 (dismissing appeal because the only remedy would be to "remand for a new sentencing hearing for a conviction of DUI, first offense"). Accordingly, we dismiss the appeal of the defendant's conviction for aggravated burglary, but we proceed to consider the certified question to determine if his remaining convictions should be reversed and the charges dismissed.

## II. Enforceability of the Plea Agreement

The defendant contends that the signed contract with the Assistant District Attorney General is enforceable, while the State insists that such an agreement is revocable by either party until accepted by the court. The issue is a question of law, which we review de novo. *See, e.g. State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001); *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997).

Initially, the State argues that the absence from the record of the trial court's order denying the motion to compel precludes review. The appellant has the duty to prepare a record such "as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue." *State v. Ballard*, 855 S.W.2d 557, 561 (Tenn. 1993). The record clearly indicates that the defendant presented to the trial court his argument that the original plea agreement should be enforced and that the trial court rejected this argument. The trial court summarized the certified question presented for review. We conclude that the record here is adequate to allow us to review the question of law presented.

Generally, when a defendant has pled guilty as part of a plea agreement, the agreement must be honored. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). In *Santobello*, the prosecution promised to abstain from a sentence recommendation and then, after the defendant pled guilty, recommended the maximum sentence, which the judge imposed. *Id.* at 259. The United States Supreme Court held that the judgment could not stand and remanded for consideration of whether the defendant was entitled to specific performance of the agreement or, instead, the opportunity to withdraw his plea. *Id.* at 263.

Consequently, agreements such as plea agreements or immunity agreements must be enforced if the defendant has performed his part of the bargain. In *State v. Howington*, the defendant and the prosecution entered into an unwritten immunity agreement that required him to testify truthfully at his preliminary hearing, implicating a co-defendant. 907 S.W.2d 403, 405 (Tenn. 1995). The defendant testified, incriminating both his co-defendant and himself, but the State contended that it was no longer bound by the agreement because of an alleged inconsistency in the defendant's testimony regarding the amount of money he obtained in the course of the murder. *Id.* The Tennessee Supreme Court concluded that there was no material breach by the defendant and that the State should have been obligated to perform under the agreement. *Id.* at 411 (reducing conviction to second degree murder, which was the crime the State had agreed to recommend the defendant to be bound upon).

On the other hand, when a plea offer is contingent on an event that does not occur, such an offer is clearly not enforceable. In *State v. Street*, the defendant asserted that it was error for the trial court to refuse to enforce a plea offer that was contingent on the actions of his co-defendants. 768 S.W.2d 703, 711 (Tenn. Crim. App. 1988). This court

6

concluded that the State could withdraw the offer when the contingency – the other defendants' willingness to plead guilty – did not occur. *Id.*

Whether a prosecutor can withdraw from an agreement prior to its acceptance by the court has been subject to debate. In *Cooper v. United States*, the Fourth Circuit Court of Appeals concluded that the Fifth Amendment right to due process and Sixth Amendment right to counsel were both implicated in the prosecution's withdrawal of a plea offer prior to court approval. 594 F.2d 12, 18 (4th Cir. 1979) *overruled by Mabry v. Johnson*, 467 U.S. 504 (1984). The *Cooper* court held that a specific, unambiguous, and reasonable proposal must, under principles of "constitutional fairness," be fulfilled if the defendant communicates his assent in a reasonable time. *Id.* at 19. The *Cooper* court concluded that the proper remedy was specific performance of the plea offer. *Id.* at 20. Other courts, however, declined to find that plea offers were binding on the government prior to court approval. *See*, *e.g.*, *Gov't of Virgin Islands v. Scotland*, 614 F.2d 360, 365 (3d Cir. 1980).

The United States Supreme Court, in *Mabry v. Johnson*, addressed the constitutionality of the prosecution's ability to withdraw an offer, citing "a conflict in the Circuits, coupled with … concern that an important constitutional question had been wrongly decided." *Mabry v. Johnson*, 467 U.S. 504, 506-07 (1984) (footnote omitted) *disapproved of on other grounds by Puckett v. United States*, 556 U.S. 129 (2009). The *Mabry* court held that "[a] plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." *Id.* at 507 (footnote omitted).

After *Mabry*, courts have continued to hold that plea offers are revocable until accepted by the court, even if the defendant has accepted the terms. This is because "the [government's] obligation to perform is conditional on actual performance by the defendant …." *United States v. Vizcarrondo-Casanova*, 763 F.3d 89, 102-04 (1st Cir. 2014). It is clear, for example, that the defendant remains free to repudiate a signed plea agreement prior to the time that he pleads guilty and the plea is accepted by the court. *See People v. Rhoden*, 89 Cal. Rptr. 2d 819, 823 (Cal. Ct. App. 1999), *as modified on denial of reh'g* (Nov. 23, 1999); *Commonwealth v. Sandy*, 509 S.E.2d 492, 494 (Va. 1999). Courts have held that "'[a] plea agreement that has not been entered and accepted by the trial court does not bind the parties.'" *United States v. Kuchinski*, 469 F.3d 853, 857-58 (9th Cir. 2006) (quoting *United States v. Fagan*, 996 F.2d 1009, 1013 (9th Cir. 1993)). Neither are the parties justified in relying on the contract until it has been accepted by the court. *United States v. Norris*, 486 F.3d 1045, 1049 (8th Cir. 2007); *see People v. Cantu*, 107 Cal. Rptr. 3d 429, 431 (Cal. Ct. App. 2010) ("Judicial approval is an essential condition precedent to any plea bargain. A plea bargain is ineffective unless

7

and until it is approved by the court."); *Shields v. State*, 374 A.2d 816, 820 (Del. 1977) ("[T]he State may withdraw from a plea bargain agreement at any time prior to, but not after, the actual entry of the guilty plea by the defendant or other action by him constituting detrimental reliance upon the agreement.")

Tennessee caselaw on the withdrawal of plea offers has likewise consistently noted that a plea bargain cannot be enforced until it has been approved by the trial court. "Plea agreements … have been treated as contracts and are enforceable once the condition precedent is met; that is, the trial judge accepts the agreement." *Howington*, 907 S.W.2d at 407 & n.8 (noting that the agreement is "not enforceable until it has been accepted by the trial judge"). "The ultimate decision whether to accept or reject a particular plea bargain agreement rests entirely with the trial court." *State v. Turner*, 713 S.W.2d 327, 329 (Tenn. Crim. App. 1986) (holding that because the court has the power to reject a plea agreement, "[a] prerequisite to the effectiveness and enforceability of a plea agreement is its approval by the court"). Accordingly, "[a]n offer to plea bargain is 'revocable until accepted by the trial court.'" *Street*, 768 S.W.2d at 711 (quoting *Turner,* 713 S.W.2d at 329). Because the plea in *Turner* was not enforceable prior to its acceptance by the trial court, this court concluded that the trial court had erred in instructing the prosecutor to reinstate a plea offer that had been refused due to deficient representation by the defendant's counsel.[2] *Turner*, 713 S.W.2d at 330. In *State v. Street*, this court concluded that a contingent plea offer could be withdrawn when the contingency did not occur, holding that the defendant could not complain that the State had failed to reach an agreement with the co-defendants "when there has been no submission [of the plea agreement] to the court for its approval." *Street*, 768 S.W.2d at 711. The defendant distinguishes these cases by noting that in *Street*, the contingency did not occur and that in *Turner*, the defendant rejected the initial offer. In *Metheny v. State*, the defendant argued that his jury convictions should be reversed because the District Attorney General had "failed to honor a plea agreement entered into by the parties." *Metheny v. State*, 589 S.W.2d 943, 945 (Tenn. Crim. App. 1979). While the court concluded that the issue was waived, it also noted that there was "[n]o authority … to support the appellant's position that a plea bargaining agreement will be enforced prior to its acceptance by the court." *Id.*

There is, however, a condition under which courts have enforced plea agreements even prior to court approval: when the defendant has relied on the agreement to his detriment. A defendant who relies on the government's promise to his detriment may be entitled to specific performance under due process. *Vizcarrondo-Casanova*, 763 F.3d at

---

[2] Ultimately, the federal courts concluded that the prosecution could only rescind the original offer if it could overcome a "presumption of vindictiveness." *Turner v. Tennessee*, 940 F.2d 1000, 1002 (6th Cir. 1991).

102 (concluding that the obligation to perform does not arise until either performance or "perhaps some other form of detrimental reliance" by the defendant). "The critical point of no return for enforcement of a plea bargain is the entry of plea or detrimental reliance." *Cantu*, 107 Cal. Rptr. 3d at 431. The State may be prevented from repudiating the agreement "if the State has materially benefited from the terms of the agreement or the defendant has relied on the terms of the agreement to his substantial detriment." *Mendoza v. State*, 869 N.E.2d 546, 551 (Ind. Ct. App. 2007). Detrimental reliance may be demonstrated "by taking some substantial step or accepting serious risk of an adverse result following acceptance of the plea offer." *Reed v. Becka*, 511 S.E.2d 396, 403 (S.C. Ct. App. 1999). Providing the government with information regarding criminal offenses constitutes such a detriment. *Custodio v. State*, 644 S.E.2d 36, 39 (S.C. 2007) (finding detrimental reliance when the defendant provided information regarding other burglaries he had committed and returned over half a million dollars in stolen property); *Moody v. State,* 716 So.2d 592, 595 (Miss.1998) (finding detrimental reliance when the defendant gave truthful testimony to grand jury and at trial, took a polygraph examination, and gave information about a separate crime); *Bowers v. State,* 500 N.E.2d 203, 204 (Ind. 1986) (finding detrimental reliance when the defendant provided information relevant to another investigation). Taking a polygraph examination may also be a detriment sufficient to make the contract enforceable. *In re Kenneth H.*, 95 Cal. Rptr. 2d 5, 9 (Cal. Ct. App. 2000), *as modified* (Apr. 25, 2000). It has also been suggested that a contract may be enforced if there is "evidence of devious practices by the state such as bad-faith negotiations aimed at gaining an improper advantage." *State v. Singleton*, 801 So. 2d 1150, 1159 (La. Ct. App. 2001); *see also* Wayne R. LaFave, et al., 5 Crim. Proc. § 21.2(f) (4th ed.) ("Providing information to government authorities, testifying for the government, confessing guilt, returning stolen property, making monetary restitution, failing to file a motion to have charges presented to a grand jury, submitting to a lie detector test and waiving certain procedural guarantees have all been held to constitute acts made in detrimental reliance upon a prosecutor's breached promises." (quoting Note, 58 N.C.L. Rev. 599, 606-07 (1980))).

In *Metheny*, this court noted that "[o]nly upon a finding of … inexpiable prejudice should a defendant be permitted the option of specific performance by the trial court." *Metheny*, 589 S.W.2d at 946 (quoting *Wynn v. State*, 322 A.2d 564, 568 (Md. Ct. Spec. App. 1974), *disapproved of by State v. Brockman*, 357 A.2d 376 (Md. 1976)). Accordingly, "[p]lea bargains should not be specifically enforced in the absence of affirmative evidence of prejudice arising from the bargain, which prejudice cannot be remedied by permitting the defendant to withdraw his plea and commence anew." *Id*.

In this case, the defendant argues that he relied on the State's promise to his detriment when he waived his right to the preliminary hearing and presentment of the case to the grand jury. However, we conclude that the defendant's waiver was not the

9

type of "inexpiable prejudice" that would entitle him to specific performance. *See Metheny*, 589 S.W.2d at 946 (quoting *Wynn*, 322 A.2d at 568). After the denial of the motion to compel, the defendant was granted a preliminary hearing and ultimately indicted by the grand jury, returning him to the position he occupied prior to the plea offer. The defendant argues that he suffered prejudice because he was imprisoned from the time of his arrest until he finally entered his open guilty pleas. While the record supports the conclusion that the defendant remained in prison, this situation is attributable to a combination of factors, including the trial court's denial of bond on more than one occasion and the process of interlocutory appeal. The defendant does not argue that the trial court could have refused to approve the plea offer, which would have placed him in substantially the same position he occupied when the prosecution withdrew the offer. We hold that the defendant's waiver of the preliminary hearing and presentment to the grand jury does not constitute detrimental reliance such that he is entitled to specific performance of the plea agreement and that the trial court did not err in remanding for a preliminary hearing and indictment to restore the defendant to the position he occupied prior to making the bargain.

At least one other court has come to the same conclusion. In *State v. Beckes*, the defendant entered into a plea agreement and waived his right to a preliminary hearing as part of the agreement. 300 N.W.2d 871, 872 (Wis. Ct. App. 1980). The defendant then filed a request for substitution of judges, and the prosecution took the opportunity to refuse to comply with its bargain. *Id.* The trial court, while acknowledging that the defendant committed no breach, allowed the prosecution to withdraw the offer and scheduled a preliminary hearing to return the defendant to the position that he had occupied before entering the agreement. *Id.* The appellate court noted "that a defendant who does some act to fulfill his part of the bargain in reliance on a plea agreement (e.g., makes restitution of stolen money or acts as an informer) is entitled to some form of relief when the government breaches its part of the agreement." *Id.* at 873. However, the court ultimately concluded that the defendant was "restored his right to have a preliminary examination" and that it "was not fundamentally unfair for defendant to be returned to pre-bargain position when the bargain was withdrawn." *Id.* at 874. Implicitly, the court concluded that the waiver of the preliminary hearing did not constitute detrimental reliance which required specific performance of the contract. *Id.*; *see also Vizcarrondo-Casanova*, 763 F.3d 89, 103-04 & n.9 (1st Cir. 2014) (holding that the defendant did not establish that his filing of a motion to change his plea constituted detrimental reliance); *Rhoden*, 89 Cal. Rptr. 2d at 825-26 (concluding that the defendant did not detrimentally rely on plea offer when she could have cross-examined a witness or requested a continuance to further prepare for the cross-examination). We also conclude that the defendant was not entitled to specific performance based on his waiver of the preliminary hearing.

10

We note that in this case, the offer was withdrawn because there was apparently internal disagreement in the District Attorney General's office regarding the propriety of the offer. In general, "[t]he staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done." *Santobello* 404 U.S. at 262. Although "[t]he Due Process Clause is not a code of ethics for prosecutors," *Mabry*, 467 U.S. at 511, "[t]he failure of the Government to fulfill its promise ... affects the fairness, integrity, and public reputation of judicial proceedings." *United States v. Goldfaden*, 959 F.2d 1324, 1328 (5th Cir. 1992); *see also Cooper*, 594 F.2d at 19, 20 (holding that "once presented, such a proposal may not be withdrawn in the face of proffered acceptance for no other reason than that a superior disagrees with an apparently authorized subordinate's judgment in making it" and noting that the government should "incorporate reservations relating to higher level approval" into such offers). While the prosecution, like the defense, is entitled to withdraw from a plea agreement prior to its acceptance by the court absent detrimental reliance, we caution that the prosecution should bear in mind that its actions affect "the fairness, integrity, and public reputation of judicial proceedings." *Goldfaden*, 959 F.2d at 1328.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

11