# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 16, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000304-MR

DATE 9/6/18 Kim Redmon, DC

ALEX DOWELL                                              APPELLANT

ON APPEAL FROM HARDIN CIRCUIT COURT
V.                      HON. KEN HOWARD, JUDGE
CASE NO. 16-CR-00540

COMMONWEALTH OF KENTUCKY                  APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

One July evening, Appellant, Alex Lorenzo Dowell, and friends were recklessly popping wheelies and doing donuts on four-wheelers and motorcycles in the Towne Mall area. Officer Josh Burris of the Elizabethtown Police Department responded to a call about the reckless ATV drivers. He stopped them in the Towne Mall parking lot. Shortly thereafter, Officer Ronald Caffee arrived to assist with the traffic stop. None of the drivers had identification, so the officers asked for the men's names and social security numbers. Because Dowell had an outstanding warrant, he gave the police a fake name, but his real social security number.

While Officer Burris ran the drivers' information in his cruiser, Dowell began to start up his four-wheeler. Officer Caffee thrice requested that Dowell not start his vehicle. In defiance, Dowell did so anyway and tried to flee.

Both officers ran after him. Officer Caffee grabbed Dowell by his shirt to try to stop him, but he accelerated, which caused Officer Caffee to fall to his knees and be dragged through a patch of grass. The officer managed to rise to his feet again for a moment, but Dowell continued to accelerate and Officer Caffee struck the pavement.

From there, he grabbed onto the rear of Dowell's four-wheeler while Dowell dragged him across the pavement, never letting off the throttle. Dowell swerved hard to the right to drive out of the parking lot, hurling Officer Caffee from the four-wheeler's bumper. The officer hit pavement once more, this time suffering serious, life-threatening injuries to his head and upper body. He spent eight days in intensive care and sixth months in recovery.

Dowell fled, but was later apprehended at an ex-girlfriend's residence. He was indicted for first-degree assault, first-degree fleeing and evading, reckless driving, and first-degree persistent felony offender ("PFO"). Aside from reckless driving, a Hardin Circuit Court jury found Dowell guilty of all charges and recommended a total sentence of 20 years' imprisonment. The Hardin Circuit Court accepted the recommendation and entered a judgment for 20 years. Dowell now appeals his conviction and sentence to this Court as a matter of right pursuant to Section 110 of the Kentucky Constitution.

**Analysis**

We first address Dowell's motion for directed verdict. "On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). "On appellate review [of a trial court's ruling on a defendant's directed verdict motion], we must determine if, given the totality of the evidence, 'it would be clearly unreasonable for a jury to find guilt.' If so, the defendant is entitled to a directed verdict of acquittal." *Doneghy v. Commonwealth*, 410 S.W.3d 95, 102 (Ky. 2013) (citation omitted).

Clearly, Dowell's act of fleeing from the police was the "but for" cause of Officer Caffee's injuries. Still, Dowell argues that, under *Benham*, the Commonwealth failed to produce even a scintilla of evidence to convict him of first-degree assault. We disagree. First-degree assault occurs when, "[u]nder circumstances manifesting extreme indifference to the value of human life[,] [the accused] wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person." KRS 508.010(1)(b).

A person acts "wantonly" when he is "aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." KRS 501.020(3). The substantial and unjustifiable disregarded risk must be "of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id.*

Thus, Dowell's guilt depends upon whether Officer Caffee's pursuit "was either foreseen or foreseeable by Appellant as a reasonably probable result of his own unlawful act of resisting arrest by fleeing from apprehension." *Robertson v. Commonwealth*, 82 S.W.3d 832, 836 (Ky. 2002). This Court has recognized that it is reasonably foreseeable to a traffic stop suspect that an officer will pursue him if he flees police custody. *Id.*

Here, there was sufficient evidence, in the form of witness testimony and video footage of the incident, that: (1) Dowell placed Officer Caffee in substantial risk of death or serious physical injury; and (2) Dowell acted wantonly, manifesting an extreme indifference to the value of human life. For example, Officers Caffee and Burris audibly commanded Dowell not to start his vehicle. Rather than listen, Dowell tried to flee, accelerating instead of slowing down while he dragged Officer Caffee across the parking lot.

Instead of stopping to quit dragging the officer, Dowell continued to accelerate, throwing Officer Caffee to the pavement and cracking his skull. Accordingly, Dowell's indifference to the value of human life can be inferred from his conduct and the circumstances surrounding it. *Craft v. Commonwealth*, 483 S.W.3d 837, 842 (Ky. 2016). Thus, based upon a totality of the circumstances, we cannot say that the Hardin Circuit Court erred in denying Dowell's directed verdict motion.

Second, Dowell argues that the first-degree assault instruction was erroneous because it permitted the jury to find him guilty of wanton assault without finding he had a *mens rea* of wantonness. However, Dowell did not

4

object to the jury instruction at trial. He failed to preserve his argument that the jury instruction was erroneous, and, therefore, it is not properly before us for review. *Martin v. Commonwealth*, 456 S.W.3d 1, 11-12 (Ky. 2015). Thus, our review on this issue is for palpable error, whereby we will reverse the trial court only when manifest injustice has occurred. RCr 10.26.

Here, the trial court's jury instructions were fashioned after this Court's precedent in *Robertson*. For instance, the only changes from the *Robertson* model instructions on second-degree manslaughter were the Appellant's name and substituting "serious physical injury" for "death." As the trial court clearly followed this Court's precedent in forming its jury instructions—to which both parties acquiesced—we cannot say that palpable error exists.

Third, Dowell argues the evidence that he had an outstanding arrest warrant when he was pulled over by Officer Burris—as well as evidence surrounding his subsequent arrest—was irrelevant and unduly prejudicial. Evidentiary issues are reviewed for an abuse of discretion. *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). A trial court abuses its discretion if "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

"The admission of 'other acts' evidence under KRE 404(b) is reviewed on appeal for abuse of discretion: whether the trial judge's decision to admit the evidence was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Gray v. Commonwealth*, 534 S.W.3d 211, 213 (Ky. 2017) (internal

5

citations omitted). To determine admissibility under KRE 404(b), trial courts must test whether evidence presented is: (1) relevant; (2) probative of the crime charged; and (3) not unduly prejudicial. *Gray*, 534 S.W.3d at 213-14.

In the case at bar, the Commonwealth introduced evidence of Dowell's outstanding arrest warrant pursuant to KRE 404(c). Dowell contended that evidence of the warrant was impermissible under KRE 404(b). However, evidence of an arrest warrant may be admissible to prove motive. KRE 404(b)(1). Here, the trial court admonished the jury to only consider Dowell's arrest warrant insofar as it may have tended to show motive on his part to flee the traffic stop. Thus, we cannot say that the trial judge abused his discretion.

Evidence of Dowell's flight and subsequent arrest were probative of facts relating to his awareness of his outstanding warrant and his guilty motive for fleeing the traffic stop. *Doneghy*, 410 S.W.3d at 105. Still, relevant evidence may nonetheless be suppressed "if its probative value is substantially outweighed by the danger of undue prejudice . . . ." KRE 403. Here, we cannot say that Dowell suffered undue prejudice, because the evidence of his flight and hide-out at his ex-girlfriend's residence was offered under KRE 404(b)(1) for "some other purpose" than proving his character. Specifically, it was offered as evidence of his guilty conscience. *Id.* at 106. Thus, the trial judge did not abuse his discretion in permitting evidence of Dowell's arrest.

Fourth, Dowell argues that evidence of Officer Caffee's pre-existing health condition was improperly excluded, because it was relevant to causation and foreseeability of his injuries. We review a trial court's ruling on the

6

admissibility of expert testimony for an abuse of discretion. *Garrett v. Commonwealth*, 534 S.W.3d 217, 221 (Ky. 2017).

Here, Dowell attempted to introduce Dr. Robert Granacher, Jr., as an expert to specifically testify to the effect that a blood clot or pulmonary embolism would have on Officer Caffee's ability to run after Dowell. A medical doctor may testify as an expert about medical phenomena. However, the trial judge found that evidence Officer Caffee had a blood clot was irrelevant to the crimes charged against Dowell. *Garrett*, 534 S.W.3d at 222; *Robertson*, 82 S.W.3d at 837. Without any evidence showing that Dowell was aware of Officer Caffee's physical condition, or that the officer's physical condition was relevant to the charges Dowell faced, we agree with the trial judge. There was no error.

Nothing about Officer Caffee's pre-existing health impacted Dowell's act or the severity of the officer's injuries. Officer Caffee's health history was irrelevant and properly excluded. Therefore, we cannot find that the trial judge abused his discretion.

Finally, Dowell argues that his concurrent convictions for first-degree assault and first-degree fleeing or evading the police violate double jeopardy. This issue is unpreserved. Thus, we conduct palpable error review. RCr 10.26.

The inquiry in evaluating a double jeopardy claim is whether both crimes require the same proof, or, alternatively, "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). However, just because two instructions include common elements

7

does not mean they violate double jeopardy. *McClain v. Commonwealth*, 607 S.W.2d 421, 422 (Ky. 1980). Here, each instruction had different elements.

While the first-degree assault instruction mentions Dowell "unlawfully fleeing police apprehension," fleeing from the police is not an element of first-degree assault. Rather, it merely described facts relevant to Dowell's specific case. *See, e.g., Cope v. Commonwealth*, 645 S.W.2d 703, 705 (Ky. 1983). The first-degree assault instruction's reference to his other crime of unlawful fleeing does not amount to a double jeopardy violation. *Grundy v. Commonwealth*, 25 S.W.3d 76, 87 (Ky. 2000). Therefore, we find no palpable error here.

## Conclusion

For the reasons stated herein, we hereby affirm the decision of the Hardin Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Brandon Neil Jewell
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Jesse Robbins
Assistant Attorney General

8